STATE OF NORTH CA ROLINA v. ARIAS C. RODRIGO

No. COA07-938

(Filed 20 May 2008)

**Bail and Pretrial Release— motion to set aside bond forfeiture—incarceration in county jail—deportation**

The trial court erred by granting a surety's motions to set aside a bond forfeiture based on the surety's evidence including computer printouts of inmate records from the Mecklenburg County Sheriff's Office indicating that defendant was in its custody on 16 July 2006 and released on 17 July 2006, another printout titled "Charge Display" with defendant's name and inmate

number with the notation "federal prisoner," and the surety's argument that defendant was unable to appear at the August court dates since he had been deported, because: (1) relief from a forfeiture, before a forfeiture becomes a final judgment, is exclusive and limited to the reasons provided in N.C.G.S. § 15A-544.5; (2) the documents indicated defendant was released from the Mecklenburg County Sheriff's Office on 17 July 2006, and defendant's court dates were scheduled in August 2006; (3) the printouts did not support a finding under N.C.G.S. § 15A-544.5(b)(6) that defendant was incarcerated in a unit of the North Carolina Department of Correction and is serving a sentence or in a unit of the Federal Bureau of Prisons located within the borders of the State at the time of the failure to appear since a county jail is not a unit of the Department of Correction; and (4) deportation is not listed as one of the six exclusive grounds that allows the court to set aside a bond forfeiture.

Appeal by the Mecklenburg County Board of Education from orders entered 14 March 2007 by Judge Philip F. Howerton, Jr. in Mecklenburg County District Court. Heard in the Court of Appeals 3 March 2008.

*James, McElroy & Diehl, P.A., by Jon P. Carroll, for the Mecklenburg County Board of Education.*

*No brief filed for Sherman F. Crowder, surety-appellee.*

CALABRIA, Judge.

The Mecklenburg County Board of Education ("BOE") appeals from orders granting surety Sherman F. Crowder's ("the surety") motions to set aside a bond forfeiture. We reverse and remand.

On 14 May 2006, Arias C. Rodrigo ("defendant") was charged with driving while impaired in violation of N.C. Gen. Stat. § 20-138.1 and his release was authorized upon the execution of a bond in the amount of $1,000. The following day, defendant was charged with driving while impaired in violation of N.C. Gen. Stat. § 20-138.1 and with driving without being licensed as a driver in violation of N.C. Gen. Stat. § 20-7(a). Defendant was also charged with consuming alcohol while operating a motor vehicle in violation of N.C. Gen. Stat. § 20-138.7, reckless driving in violation of N.C. Gen. Stat. § 20-140(b), and hit and run/failure to stop in violation of N.C. Gen.

Stat. § 20-166(c) (collectively referred to as "the 15 May 2006 charges"). Defendant's release was authorized upon the execution of bonds in different amounts. Specifically, a $4,000 bond for the 15 May 2006 driving while impaired charge, $1,000 each for the driving without being a licensed driver charge and consuming alcohol charge, and $2,000 each for the reckless driving and hit and run charges. Defendant was released on an appearance bond on 18 May 2006.

Defendant's court date for the 15 May 2006 charges was scheduled for 7 August 2006 in Mecklenburg County District Court. When defendant failed to appear in court on that date, orders for his arrest and bond forfeiture notices were issued and mailed to the surety on 8 August 2006 for each of the 15 May 2006 charges. The bond forfeiture notices stated that the forfeitures would become final judgments on 5 January 2007.

Defendant's court date for the 14 May 2006 driving while impaired charge was 28 August 2006. When defendant failed to appear in court on that date, an order for his arrest and a bond forfeiture notice were issued on 29 August 2006. The notice was mailed to the surety on 30 August 2006. The bond forfeiture notice stated that the forfeiture would become a final judgment on 27 January 2007.

On 29 December 2006, the surety moved to set aside the forfeitures relating to the 14 May 2006 driving while impaired charge and each of the 15 May 2006 charges. The basis for the motion was that "defendant was incarcerated in a unit of the Department of Correction and is serving a sentence or in a unit of the Federal Bureau of Prisons located within the borders of the state at the time of the failure to appear." The BOE objected to the motions on 3 January 2007 and a hearing date was scheduled for 14 February 2007 then continued until 14 March 2007. On 14 March 2007, Mecklenburg County District Court Judge Philip F. Howerton, Jr. entered orders granting the surety's motions to set aside the bond forfeitures. From these orders, the BOE appeals.

## I. Standard of Review

The standard of review on appeal where a trial court sits without a jury is whether there was competent evidence to support the trial court's findings of fact and whether its conclusions of law were proper in light of such facts. *Keel v. Private Bus., Inc.*, 163 N.C. App. 703, 707, 594 S.E.2d 796, 799 (2004) (citation omitted).

## II. Motion to Set Aside Bond Forfeitures

The BOE argues the surety's evidence does not support a finding that defendant was incarcerated in a unit of the Department of Correction at the time of his failure to appear on both the 7 August 2006 and the 28 August 2006 court dates. We agree.

The reasons to set aside a bond forfeiture are governed by statute. *State v. Robertson,* 166 N.C. App. 669, 670, 603 S.E.2d 400, 401 (2004). If a defendant is released upon execution of a bail bond and fails to appear in court as required, "the court shall enter a forfeiture for the amount of that bail bond in favor of the State against the defendant and against each surety on the bail bond." N.C. Gen. Stat. § 15A-544.3(a) (2005). Relief from a forfeiture, before the forfeiture becomes a final judgment, is exclusive and limited to the reasons provided in N.C. Gen. Stat. § 15A-544.5. N.C. Gen. Stat. § 15A-544.5(a) (2005); *Robertson,* 166 N.C. App. at 670, 603 S.E.2d at 401. Those reasons are:

(1) The defendant's failure to appear has been set aside by the court and any order for arrest issued for that failure to appear has been recalled, as evidenced by a copy of an official court record, including an electronic record.

(2) All charges for which the defendant was bonded to appear have been finally disposed by the court other than by the State's taking dismissal with leave, as evidenced by a copy of an official court record, including an electronic record.

(3) The defendant has been surrendered by a surety on the bail bond as provided by G.S. 15A-540, as evidenced by the sheriff's receipt provided for in that section.

(4) The defendant has been served with an Order for Arrest for the Failure to Appear on the criminal charge in the case in question as evidenced by a copy of an official court record, including an electronic record.

(5) The defendant died before or within the period between the forfeiture and the final judgment as demonstrated by the presentation of a death certificate.

(6) The defendant was incarcerated in a unit of the North Carolina Department of Correction and is serving a sentence or in a unit of the Federal Bureau of Prisons located within the borders of the State at the time of the failure to appear as evi-

denced by a copy of an official court record or a copy of a document from the Department of Correction or Federal Bureau of Prisons, including an electronic record.

N.C. Gen. Stat. § 15A-544.5(b) (2005).[1]

Here, the surety presented computer printouts of inmate records from the Mecklenburg County Sheriff's Office indicating that defendant was in the custody of the Mecklenburg County Sheriff on 16 July 2006 and released on 17 July 2006. The surety also attached another printout titled "Charge Display" with the defendant's name and inmate number and the notation "federal prisoner." At the hearing, the surety argued that defendant had been deported and for that reason was unable to appear at the 7 August and 28 August 2006 court dates.

### III. Conclusion

We conclude that the trial court's findings were not supported by competent evidence. The documents presented by the surety indicate defendant was released from the Mecklenburg County Sheriff's Office on 17 July 2006. Defendant's court dates were scheduled in August of 2006. The surety presented no additional evidence other than the printouts. The printouts do not support a finding that the defendant was "incarcerated in a unit of the North Carolina Department of Correction and is serving a sentence or in a unit of the Federal Bureau of Prisons located within the borders of the State at the time of the failure to appear. . . ." A county jail is not a unit of the Department of Correction. *See Robertson,* 166 N.C. App. at 671, 603 S.E.2d at 402. Furthermore, deportation is not listed as one of the six exclusive grounds that allows the court to set aside a bond forfeiture. *Id.* at 670-71, 603 S.E.2d at 401 ("The exclusive avenue for relief from forfeiture of an appearance bond . . . is provided in G.S. § 15A-544.5."). Therefore, the trial court erred in granting the surety's motions to set aside the bond forfeitures.

Reversed and remanded.

Chief Judge MARTIN and Judge GEER concur.

---

1. The General Assembly amended N.C. Gen. Stat. § 15A-544.5(b) in 2007 to add a seventh reason. *See* N.C. Gen. Stat. § 15A-544.5(b)(7) (2007) (amended by N.C. Sess. Laws 2007-105, eff. Oct. 1, 2007). This reason is not relevant to this appeal since the motions to set aside the bond forfeitures were filed and ruled on before the effective date of the amendment.