BRYANT, Judge.
*317 Where the motion to set aside the forfeiture of an appearance bond did not contain the required documentation to support any ground set forth in North Carolina General Statutes, section 15A-544.5, the trial court lacked statutory authority to set aside the forfeiture of the appearance bond. Accordingly, we vacate the trial court's order setting aside the forfeiture of the bond.
An appearance bond in the amount of $30,000.00 was placed for Robert Jerome Cobb to appear in Watauga County Superior Court on 12 January 2016 on a felony charge in case number 15 CRS 050271. Due *318 to Cobb's failure to appear, the Honorable Gary M. Gavenus, Superior Court judge, ordered that Cobb's $30,000.00 appearance bond in that case be forfeited. On 14 January 2016, a Deputy Clerk of Watauga County Superior Court issued a bond forfeiture notice to Cobb, as well as to 1st Atlantic Surety Company via first-class mail. On 8 June 2016, Ulonda Hill, a bail agent, moved the court to set aside the forfeiture. In the motion, which was filed on form AOC-CR-213-a form with pre-set options and check boxes-Hill checked that "defendant has been surrendered by a surety on the bail bond as provided by G.S. 15A-540, as evidenced on the attached 'Surrender Of Defendant By Surety' (AOC-CR-214)." However, instead of a Form CR-214, attached to the motion was a printout from the Automated Criminal/Infractions System (ACIS). On 14 June 2016, an attorney for the school board filed an objection and notice of hearing. The hearing was set for 5 July 2016. On 6 July 2016, the trial court entered an order finding "that the moving party has established one or more of the reasons specified in G. S. 15A-544.5 for setting aside the forfeiture.... The ... Motion is allowed and the forfeiture is set aside." Judgment creditor Watauga County Board of Education ("the Board") appeals.
_________________________
On appeal, the Board argues that the trial court erred by finding that the moving party established a reason for setting aside the bond forfeiture, pursuant to N.C. Gen. Stat. § 15A-544.5. More specifically, the Board contends that by submitting an ACIS printout rather than the required AOC-CR-214 form, the bail agent failed to comply with section 15A-544.5 in seeking to aside the bond forfeiture. We agree in part.
*178 General Statutes Chapter 15A, Article 26, Part 2 governs bail bond forfeiture. "By executing a bail bond the defendant and each surety submit to the jurisdiction of the court.... The liability of the defendant and each surety may be enforced as provided in this Part...." N.C. Gen. Stat. § 15A-544.1 (2015). "If a defendant ... released ... upon execution of a bail bond fails on any occasion to appear before the court as required, the court shall enter a forfeiture for the amount of that bail bond...." Id. § 15A-544.3(a). "There shall be no relief from a forfeiture except as provided in [ section 15A-544.5 ]." Id. § 15A-544.5(a) ; see also State v. Williams , 218 N.C. App. 450, 451, 725 S.E.2d 7, 9 (2012) (holding where forfeiture of an appearance bond has not become a final judgment, G.S. § 15A-544.5 offers "[t]he exclusive avenue for relief"); State v. Sanchez , 175 N.C. App. 214, 623 S.E.2d 780 (2005) (holding the trial court lacked authority to grant the surety's motion to set aside forfeiture of an appearance bond where the motion was not premised on any ground set forth in G.S. § 15A-544.5 ).
*319 Pursuant to subsection (b) of General Statutes, section 15A-544.5,
Except as provided by subsection (f)[ (which is not applicable here) ] ... a forfeiture shall be set aside for any one of the following reasons, and none other:
(1) The defendant's failure to appear has been set aside by the court and any order for arrest issued for that failure to appear has been recalled, as evidenced by a copy of an official court record, including an electronic record.
(2) All charges for which the defendant was bonded to appear have been finally disposed by the court other than by the State's taking dismissal with leave, as evidenced by a copy of an official court record, including an electronic record.
(3) The defendant has been surrendered by a surety on the bail bond as provided by G.S. 15A-540, as evidenced by the sheriff's receipt provided for in that section.
(4) The defendant has been served with an Order for Arrest for the Failure to Appear on the criminal charge in the case in question as evidenced by a copy of an official court record, including an electronic record.
(5) The defendant died before or within the period between the forfeiture and the final judgment as demonstrated by the presentation of a death certificate.
(6) The defendant was incarcerated in a unit of the Division of Adult Correction of the Department of Public Safety and is serving a sentence or in a unit of the Federal Bureau of Prisons located within the borders of the State at the time of the failure to appear as evidenced by a copy of an official court record or a copy of a document from the Division of Adult Correction of the Department of Public Safety or Federal Bureau of Prisons, including an electronic record.
(7) The defendant was incarcerated in a local, state, or federal detention center, jail, or prison located anywhere within the borders of the United States at the time of the failure to appear, and the district attorney for the county in which the charges are pending was notified of the defendant's incarceration while the defendant was still *320 incarcerated and the defendant remains incarcerated for a period of 10 days following the district attorney's receipt of notice, as evidenced by a copy of the written notice served on the district attorney via hand delivery or certified mail and written documentation of date upon which the defendant was released from incarceration, if the defendant was released prior to the time the motion to set aside was filed.
N.C.G.S. § 15A-544.5(b) (emphasis added). Within 150 days of the notice of forfeiture being given, the defendant, surety, professional bondsman, or bail agent may move for the bond forfeiture to be set aside. "[A] written motion shall state the reason for the motion and attach to the motion the evidence specified in subsection (b) of this section." Id. § 15A-544.5(d)(1).
The record before us indicates that the bail agent moved to set aside the bond forfeiture on the ground that "defendant has been surrendered by a surety on the bail bond as provided by G.S. 15A-540, as evidenced by the attached 'Surrender of Defendant By Surety' (AOC-CR-214)" (ground (b)(3) under *179 section 15A-544.5 ). However, no AOC form 214 was attached to the motion. Instead, attached to the motion was an ACIS printout indicating that defendant had been charged with a traffic offense, driving while license revoked, on 18 May 2015 and that the disposition date was 18 May 2016. The ACIS printout reflected that the traffic charge was assigned Watauga case number 15 CR 00508, that defendant pled guilty to the charge on 18 May 2016, and that, as part of the disposition, defendant agreed to plead guilty in Watauga case number 14 CRS 50747. The ACIS printout included no reference to case number 15 CRS 050271, the case in which the bond was forfeited. The ACIS printout did not indicate that defendant was taken into custody or had been surrendered to a sheriff or other agency official authorized to arrest individuals.
The issue now before us is whether the trial court erred by setting aside the bond forfeiture where the record reflects only the ACIS statement as evidence "defendant has been surrendered by a surety on the bail bond," in lieu of a sheriff's receipt.[1] See id. § 15A-544.5(b)(3). We *321 hold the ACIS statement in the instant case did not meet the requirement of a sheriff's receipt contemplated by the statute; i.e., evidence defendant was surrendered by a surety on the bail bond. We note that bail agent Hill's motion to set aside the forfeiture of an appearance bond was premised on section 15A-544.5(b)(3), but where the facts of record do not support the asserted ground for the motion or any other ground set forth in subsection (b), we see no basis on this record for the trial court to exercise statutory authority to set aside the bond forfeiture.
The dissenting opinion asserts that because "there is no evidence upon which to assess the validity of the trial court's ruling, we should not presume that the trial court erred but should instead affirm the trial court's order." In particular, the dissent cites Phelps v. McCotter , 252 N.C. 66, 67, 112 S.E.2d 736, 737 (1960) (per curiam), for the "well established principle that there is a presumption in favor of the regularity and validity of the proceedings in the lower court"; King v. King , 146 N.C. App. 442, 445-46, 552 S.E.2d 262, 265 (2001) ("[I]t is generally the appellant's duty and responsibility to see that the record is in proper form and complete and this Court will not presume error by the trial court when none appears on the record to this Court ." (emphasis added) (citation omitted); and Granville Med. Ctr. v. Tipton , 160 N.C. App. 484, 488-89, 586 S.E.2d 791, 795 (2003) (stating that "[w]here the record is silent on a particular point, we presume that the trial court acted correctly," then holding this Court would not presume the trial court erred by applying an incorrect legal standard where the record was silent as to which standard the lower court applied). We note In re A.R.H.B. , for the proposition that "[u]nless the record reveals otherwise, we presume that judicial acts and duties have been duly and regularly performed." 186 N.C. App. 211, 219, 651 S.E.2d 247, 253 (2007) (citation omitted). However, here, the record is not silent; the record reflects only error. For that reason, King , Phelps , Granville , and A.R.H.B. are distinguishable.
The dissenting opinion points out that the record before this Court does not include a transcript or a Rule 9(a) narration of any proceedings before the trial court. The majority does acknowledge herein that as the appellant, the Board of Education had a duty to provide a complete record and that failure to do so should be met with strong disapproval. However, appellant Board compiled a proposed record on appeal, and when the time for response to appellant Board's proposed record expired without comment from the surety, the record was settled by operation of the Rules of Appellate Procedure. Thereafter, only appellant Board filed a brief in this matter.
*322 *180 The record as submitted by appellant Board shows error on its face. Unlike the dissent, we will not speculate on what if anything else may have occurred before the trial court. See Joines v. Moffitt , 226 N.C. App. 61, 67, 739 S.E.2d 177, 182 (2013) (stating that "[a]ppellate review is based solely upon the record on appeal; it is the duty of the appellant[ ] to see that the record is complete. This Court will not engage in speculation as to what arguments may have been presented...." (alteration in original) (citation omitted)). This record as reviewed on appeal and argued by appellant, contains documentary evidence which, on its face, does not support the ruling of the trial court. The evidence of record shows the bail agent presented to the court a printout showing that defendant had been charged with a misdemeanor traffic offense on 18 May 2015, almost eight months prior to his failure to appear on 12 January 2016. Further, the printout did not reflect that defendant had been incarcerated on 12 January 2016 or at any subsequent time up to the date of the bond hearing. Thus, based on this record, error does appear and we cannot presume the court acted in accordance with statutory authority. Cf. In re A.R.H.B. , 186 N.C. App. at 219, 651 S.E.2d at 253 ("Unless the record reveals otherwise, we presume that judicial acts and duties have been duly and regularly performed." (citation omitted)). This record supports a conclusion, not a presumption, that the trial court erred, as there is not sufficient basis in the record to warrant the exercise of statutory authority to set aside a bond forfeiture. Accordingly, the trial court's 6 July 2016 order allowing the bail agent's motion to set aside the bond forfeiture is
VACATED.
Judge INMAN concurs.
Judge ZACHARY dissents with a separate opinion.

The Board argues that the failure to attach the specific form AOC-CR-214 as evidence of surrender to the sheriff by a surety amounts to a failure to meet the statutory requirement of a sheriff's receipt set out in section 15A-544.5(b)(3). However, we need not reach this specific issue to resolve the matter before us. See Hayes v. City of Wilmington , 243 N.C. 525, 536, 91 S.E.2d 673, 682 (1956) ("In every case what is actually decided is the law applicable to the particular facts; all other legal conclusions therein are but obiter dicta .").