McGEE, Chief Judge.
 

 *772
 
 The Wilson County Board of Education ("the Board of Education")
 
 [1]
 
 appeals from the trial court's order granting a motion to set aside a bond forfeiture filed by Agent Associates Insurance, L.L.C. ("Surety"). For the reasons discussed below, we vacate the trial court's order.
 

 *773
 
 I.
 
 Background
 

 Michael Antoine Chestnut ("Defendant") failed to appear in Wilson County District Court on an underlying criminal charge on 8 April 2016. On that same day, the trial court issued a bond forfeiture notice for the forfeiture of an appearance bond in the amount of $1,500.00 posted by Melissa Hines ("Bail Agent") on Surety's behalf. The notice set a final judgment date of 8 September 2016, and notice of the bond forfeiture was given to Bail Agent and Surety on 11 April 2016.
 
 [2]
 

 Bail Agent filed a motion to set aside the forfeiture ("the motion to set aside") on 6 September 2016. A pre-printed form, Form AOC-CR-213, is used for motions to set aside a bond forfeiture. This form lists seven exclusive reasons, pursuant to N.C. Gen. Stat. § 15A-544.5, for which a bond forfeiture may be set aside, along with corresponding
 
 *334
 
 boxes for a movant to mark the specific reason(s) alleged for setting aside the forfeiture. Bail Agent did not check any of these boxes in this case. In addition to the motion to set aside, however, Bail Agent submitted a letter stating that Bail Agent "ha[d] been putting forth efforts to locate [Defendant] and ha[d] been unsuccessful in doing so[,]" despite "spen[ding] $150.00 checking leads as to where and how [Bail Agent could] locate [Defendant]." The Board of Education filed a Form AOC-CR-213 objecting to the motion to set aside on 12 September 2016.
 

 The trial court held a hearing on Surety's motion to set aside on 3 October 2016. At the conclusion of the hearing, the trial court allowed the motion, based on its finding that Surety "ha[d] established one or more of the reasons specified in [N.C.G.S.] 15A-544.5 for setting aside [the] forfeiture." The Board of Education appeals.
 

 II.
 
 Discussion
 

 A.
 
 Standard of Review
 

 In an appeal from an order setting aside a bond forfeiture, "the standard of review for this Court is whether there was competent evidence to support the trial court's findings of fact and whether its conclusions of law were proper in light of such facts."
 
 State v. Dunn
 
 ,
 
 200 N.C. App. 606
 
 , 608,
 
 685 S.E.2d 526
 
 , 528 (2009) (citation omitted);
 
 see also
 

 *774
 
 N.C. Gen. Stat. § 15A-544.5(h) (2015) (providing in part that "[a]n order on a motion to set aside a forfeiture is a final order or judgment of the trial court for purposes of appeal. Appeal is the same as provided for appeals in civil actions."). Questions of law, including matters of statutory construction, are reviewed
 
 de novo
 
 .
 
 See
 

 In re Hall
 
 ,
 
 238 N.C. App. 322
 
 , 324,
 
 768 S.E.2d 39
 
 , 41 (2014) (citation omitted) ("Resolution of issues involving statutory construction is ultimately a question of law for the courts. Where an appeal presents a question of statutory interpretation, full review is appropriate, and we review a trial court's conclusions of law
 
 de novo
 
 [.]").
 

 B.
 
 Analysis
 

 1. Statutory Framework
 

 In North Carolina, bail bond forfeiture is governed by N.C. Gen. Stat. §§ 15A-544.1 -544.8.
 

 If a defendant who was released ... upon execution of a bail bond fails on any occasion to appear before the court as required, the court shall enter a forfeiture for the amount of that bail bond in favor of the State against the defendant and against each surety on the bail bond.
 

 N.C. Gen. Stat. § 15A-544.3 (2015). A forfeiture entered under N.C.G.S. § 15A-544.3 becomes a final judgment of forfeiture "on the one hundred fiftieth day after notice is given under [N.C.G.S.] 15A-544.4 if (1) [n]o order setting aside the forfeiture under G.S. 15A-544.4 is entered on or before that date; and (2) [n]o motion to set aside the forfeiture is pending on that date." N.C. Gen. Stat. § 15A-544.6 (2015).
 

 "The exclusive avenue for relief from forfeiture of an appearance bond (where the forfeiture has not yet become a final judgment) is provided in [N.C. Gen. Stat.] § 15A-544.5."
 
 State v. Williams
 
 ,
 
 218 N.C. App. 450
 
 , 451,
 
 725 S.E.2d 7
 
 , 9 (2012) (citation and quotation marks omitted). Pursuant to N.C. Gen. Stat. § 15A-544.5(a), "there shall be no relief from a forfeiture except as provided in this section. The reasons for relief are those specified in subsection (b) of this section." In turn, N.C. Gen. Stat. 15A-544.5(b) states that
 

 [e]xcept as provided by subsection (f) of this section, a forfeiture shall be set aside for any one of the following reasons,
 
 and none other
 
 :
 

 (1) The defendant's failure to appear has been set aside by the court and any order for arrest issued for that
 
 *775
 
 failure to appear has been recalled, as evidenced by a copy of an official court record, including an electronic record.
 

 (2) All charges for which the defendant was bonded to appear have been finally disposed by the court other than by the State's taking dismissal with leave, as evidenced by a copy of an official court record, including an electronic record.
 

 (3) The defendant has been surrendered by a surety on the bail bond as provided by G.S. 15A-540, as evidenced
 
 *335
 
 by the sheriff's receipt provided for in that section.
 

 (4) The defendant has been served with an Order for Arrest for the Failure to Appear on the criminal charge in the case in question as evidenced by a copy of an official court record, including an electronic record.
 

 (5) The defendant died before or within the period between the forfeiture and the final judgment as demonstrated by the presentation of a death certificate.
 

 (6) The defendant was incarcerated in a unit of the Division of Adult Correction of the Department of Public Safety and is serving a sentence or in a unit of the Federal Bureau of Prisons located within the borders of the State at the time of the failure to appear as evidenced by a copy of an official court record or a copy of a document from the Division of Adult Correction of the Department of Public Safety or Federal Bureau of Prisons, including an electronic record.
 
 [3]
 

 *776
 
 (7) The defendant was incarcerated in a local, state, or federal detention center, jail, or prison located anywhere within the borders of the United States at the time of the failure to appear, and the district attorney for the county in which the charges are pending was notified of the defendant's incarceration while the defendant was still incarcerated and the defendant remains incarcerated for a period of 10 days following the district attorney's receipt of notice, as evidenced by a copy of the written notice served on the district attorney via hand delivery or certified mail and written documentation of date upon which the defendant was released from incarceration, if the defendant was released prior to the time the motion to set aside was filed.
 

 N.C. Gen. Stat. § 15A-544.5(b)(1)-(7) (2015) (emphasis added);
 
 see also
 

 State v. Rodrigo
 
 ,
 
 190 N.C. App. 661
 
 , 664,
 
 660 S.E.2d 615
 
 , 617 (2008) ("Relief from a forfeiture, before the forfeiture becomes a final judgment, is exclusive and limited to the reasons provided in N.C. Gen. Stat. § 15A-544.5."). A party seeking to set aside a forfeiture must make a timely written motion "stat[ing] the reason for the motion and attach[ing] to the motion the evidence specified in subsection (b) of this section." N.C. Gen. Stat. § 15A-544.5(d) (2015). This Court has held that a trial court lacks the authority to allow a motion to set aside that is "not premised on any ground set forth in [N.C.]G.S. § 15A-544.5."
 
 State v. Sanchez
 
 ,
 
 175 N.C. App. 214
 
 , 218,
 
 623 S.E.2d 780
 
 , 782 (2005).
 

 2. Surety's Motion to Set Aside
 

 In the present case, the Board of Education argues the trial court erred in allowing Surety's motion to set aside because Surety failed to demonstrate a legally sufficient reason to set aside a bond forfeiture pursuant to N.C.G.S. § 15A-544.5. We agree.
 

 The record filed in this matter does not show that Surety established any of the reasons enumerated in N.C.G.S. § 15A-544.5(b) in support of its motion to set aside the forfeiture. Surety did not identify the specific statutory basis of its motion on the written form it filed, in that no box was checked on the AOC-CR-213 form. A letter attached to the written motion stated that Bail Agent "ha[d] been putting forth efforts to locate [Defendant] and ha[d] been unsuccessful in doing so." However, such documentation does not fall within any of the seven exclusive reasons for setting aside a forfeiture pursuant to N.C.G.S. § 15A-544.5(b).
 

 *777
 

 See
 
 ,
 
 e.g.
 
 ,
 
 *336
 

 State v. Lazaro
 
 ,
 
 190 N.C. App. 670
 
 , 673,
 
 660 S.E.2d 618
 
 , 620 (2008) (holding trial court erroneously granted motion to set aside based on evidence that defendant was deported, because "deportation is not listed as one of the ... exclusive grounds that allowed the court to set aside a bond forfeiture."). Accordingly, we conclude the trial court's finding that Surety "established one or more of the reasons specified in G.S. 15A-544.5" was not supported by competent evidence.
 

 Our holding in the present case follows
 
 State v. Cobb
 
 , --- N.C. App. ----,
 
 803 S.E.2d 176
 
 (2017), a recently published opinion of this Court, that involved similar facts. In
 
 Cobb
 
 , a bail agent filed a motion to set aside a bond forfeiture using Form AOC-CR-213, and checked a pre-set box stating that the defendant "ha[d] been surrendered by a surety on the bail bond as provided by [N.C.]G.S. 15A-540, as evidenced by the attached 'Surrender of Defendant By Surety' ( [Form] AOC-CR-214)[,]"
 
 i.e.
 
 , ground (b)(3) under N.C.G.S. § 15A-544.5.
 

 Id.
 

 , at ----,
 
 803 S.E.2d at 178
 
 (quotation marks omitted). However, instead of attaching Form AOC-CR-214, the bail agent attached a printout from the Automated Criminal/Infractions System ("ACIS"). The ACIS printout indicated the defendant had been charged with an unrelated traffic offense, to which he pled guilty, "and that, as part of the disposition [of the traffic offense charge], [the] defendant agreed to plead guilty in [another unrelated case]."
 

 Id.
 

 This Court observed that "[t]he ACIS printout included no reference to [the] case number ... [for] the case in which the bond was forfeited."
 

 Id.
 

 The majority found that the ACIS printout, the only documentary evidence in the record offered to show that the defendant had been surrendered by a surety on the bail bond, "did not meet the requirement of a sheriff's receipt contemplated by [ N.C.G.S. § 15A-544.5(b)(3) ]; i.e., [the specific] evidence [required to prove that the] defendant was surrendered by a surety on the bail bond."
 

 Id.
 

 at ----,
 
 803 S.E.2d at 179
 
 . According to the majority, "where the facts of record do not support the asserted ground for the motion [to set aside] or any other ground set forth in [ N.C.G.S. § 15A-544.5 ] subsection (b), [there is] no basis on [such] record for the trial court to exercise statutory authority to set aside the bond forfeiture."
 

 Id.
 

 The dissenting opinion deemed it "impossible ... to reach a conclusion on the validity of the trial court's order without a record of what transpired at the hearing."
 

 Id.
 

 at ----,
 
 803 S.E.2d at 184
 
 (Zachary, J., dissenting). According to the dissent, "the only pertinent question [for this Court] ... [was] the [sufficiency of the] evidence provided by the surety
 
 at the hearing before the trial court
 
 ."
 

 Id.
 

 at ----,
 
 803 S.E.2d at 183
 
 (emphasis in original). In the dissent's view,
 

 *778
 
 [t]he propriety of the trial court's order cannot be determined merely by review of the documentation that the surety attached to its motion [to set aside], because the trial court's order was entered following a hearing at which the parties would have been allowed to present additional testimony or evidence.
 

 Id.
 

 at ----,
 
 803 S.E.2d at 183
 
 . The dissent noted that if a transcript is unavailable, an appellant may create a record of the trial court hearing by preparation of a narration of the proceedings pursuant to N.C. R. App. P. 9(c)(1).
 

 Id.
 

 This Court, the
 
 Cobb
 
 dissent concluded, was required to presume the trial court acted properly because "the appellate record [did] not contain any indication of the evidence or testimony offered at the hearing in addition to, or instead of, the ACIS statement attached to the surety's motion."
 

 Id.
 

 The majority acknowledged that, as the appellant, "the Board of Education had a duty to provide a complete record and that failure to do so should be met with strong disapproval."
 

 Id.
 

 at ----,
 
 803 S.E.2d at 179
 
 .
 

 However, appellant Board compiled a proposed record on appeal, and when the time for response to appellant Board's proposed record expired without comment from the surety, the record was settled by operation of the Rules of Appellate Procedure. Thereafter, only appellant Board filed a brief in this matter. The record as submitted by appellant Board shows error on its face. Unlike the dissent, we will not speculate on what if anything else
 
 may
 
 have occurred before the trial court. This record
 
 *337
 
 as reviewed on appeal and argued by appellant, contains documentary evidence which, on its face, does not support the ruling of the trial court.
 

 Id.
 

 (internal citation omitted) (emphasis in original).
 

 The
 
 Cobb
 
 majority controls in the present case. As in
 
 Cobb
 
 , the record on appeal in the present case was compiled and proposed by the Board of Education. Surety took no action within the time allowed for responding, and the record was therefore settled by operation of N.C. R. App. P. 11(b).
 
 [4]
 
 The only documentary evidence in the record before
 
 *779
 
 us-the letter attached to Surety's motion to set aside-does not support any of the grounds for setting aside a forfeiture enumerated in N.C.G.S. § 15A-544.5(b). Accordingly, under
 
 Cobb
 
 , the record in the present case "supports a conclusion, not a presumption, that the trial court erred, as there is not [a] sufficient basis in the record to warrant the exercise of statutory authority to set aside a bond forfeiture."
 

 Id.
 

 We note that the four companion cases filed contemporaneously with this appeal are factually distinguishable from both
 
 Cobb
 
 and the present case in that, in those cases, the records on appeal contained
 
 no
 
 documentary evidence to support the sureties' motions to set aside.
 
 [5]
 
 In each of the companion cases, a bail agent or surety filed a motion to set aside a bond forfeiture, using Form AOC-CR-213, without checking any of the preprinted boxes to identify the alleged statutory basis for the motion. The records on appeal did not indicate whether any evidence was attached to the motions to set aside, and transcripts of the hearings were not provided to this Court.
 
 [6]
 

 See supra
 
 n.5. However, in light of
 
 Cobb
 
 , which was decided after the Board of Education filed the records on appeal and appellate briefs in the present case and the companion cases, the Board of Education filed motions to amend each record on appeal to add narrations of the trial court hearings.
 
 See
 
 N.C.R. App. P. 9(b)(5), 9(c)(1). No objections were filed to the Board of Education's motions to amend the records on appeal in the present case or the companion cases, and this Court allowed the motions on 7 August 2017. The narrations submitted by the Board of Education assert that, during each hearing, (1) the bail agent or surety "did not argue that any of the statutory bases for set aside had been met," and (2) "[n]either the Board [of Education] nor [the bail agent or surety] submitted any sworn
 
 *780
 
 testimony, affidavits, or additional documents to the [trial] court during the hearing." The amended records on appeal thus allay the concerns expressed in the
 
 Cobb
 
 dissent and permit a conclusion that, in all five cases, there was insufficient evidence before the trial court to support any of the statutory grounds for setting aside a bond forfeiture pursuant to N.C.G.S. § 15A-544.5(b). As a result, the trial court erred by setting aside the forfeitures.
 

 III.
 
 Conclusion
 

 The trial court lacked authority to allow Surety's motion to set aside the bond forfeiture absent evidence required under N.C.G.S. § 15A-544.5. The order allowing
 
 *338
 
 the motion to set aside the bond forfeiture is vacated.
 

 VACATED.
 

 Judges TYSON and INMAN concur.
 

 [1]
 

 "The Board's status as appellant in the instant case is due to its status as the ultimate recipient of the 'clear proceeds' of the forfeited appearance bond at issue herein, pursuant to Article IX, § 7 of the North Carolina Constitution."
 
 State v. Dunn
 
 ,
 
 200 N.C. App. 606
 
 , 607 n.1,
 
 685 S.E.2d 526
 
 , 527 n.1 (2009) (citation omitted).
 

 [2]
 

 Notice of a bond forfeiture is effective when the notice is mailed. N.C. Gen. Stat. § 15A-544.4(d) (2015). "A forfeiture becomes a final judgment of forfeiture on the 150th day after notice of forfeiture is given, unless a motion to set aside the forfeiture is either entered on or before or is pending on that date."
 
 State v. Gonzalez-Fernandez
 
 ,
 
 170 N.C. App. 45
 
 , 48-49,
 
 612 S.E.2d 148
 
 , 151 (2005) (citing N.C. Gen. Stat. § 15A-544.6 ).
 

 [3]
 

 After the present appeal was filed, the General Assembly amended N.C. Gen. Stat. § 15A-544.5(b)(6) to read as follows:
 

 The defendant was incarcerated in a unit of the Division of Adult Correction
 
 and Juvenile Justice
 
 of the Department of Public Safety and is serving a sentence or in a unit of the Federal Bureau of Prisons located within the borders of the State at the time of the failure to appear as evidenced by a copy of an official court record or a copy of a document from the Division of Adult Correction
 
 and Juvenile Justice
 
 of the Department of Public Safety or Federal Bureau of Prisons, including an electronic record.
 

 See
 
 North Carolina Sess. Law 2017-186 (eff. 25 July 2017) (emphases added).
 

 [4]
 

 "If the record on appeal is not settled by agreement under Rule 11(a), the appellant shall ... serve upon all other parties a proposed record on appeal .... Within thirty days ... after service of the proposed record on appeal upon an appellee, that appellee may serve upon all other parties a notice of approval of the proposed record on appeal, or objections, amendments, or a proposed alternative record on appeal in accordance with Rule 11(c). If all appellees within the times allowed them ... fail to serve either notices of approval or objections, amendments, or proposed alternative records on appeal, appellant's proposed record on appeal thereupon constitutes the record on appeal." N.C.R. App. P. 11(b).
 

 [5]
 

 The companion cases are
 
 State v. Reaves
 
 (COA16-1311);
 
 State v. Bowens
 
 (COA16-1312);
 
 State v. Owens
 
 (COA16-1313); and
 
 State v. Mercer
 
 (COA16-1314). These cases, in addition to the present case, were heard the same day, in the same trial court, and the Board of Education was the objecting party in each case. According to the Board of Education, in both the present case and the four companion cases, written transcripts of the hearings are unavailable because no audio recordings were made and no court reporter was present during the hearings.
 

 [6]
 

 As in the present case, the records on appeal in all four companion cases were settled by operation of the Rules of Appellate Procedure after no action was taken by the respective bail agent or surety, and, thereafter, the Board of Education was the only party to file a brief.