IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA19-790

Filed: 16 June 2020

Cumberland County, No. 17 CRS 060527

STATE OF NORTH CAROLINA

v.

DEVONTA OZELL SMITH, Defendant

and

INTERNATIONAL FIDELITY INSUR., Surety,

CHRYSTAL M. MYERS, Agent

Appeal by Cumberland County Board of Education from Order entered 31 May 2019 by Judge James F. Ammons, Jr. in Cumberland County Superior Court. Heard in the Court of Appeals 18 February 2020.

*Cumberland County Board of Education, by Nickolas J. Sojka, Jr., for plaintiff-appellant Cumberland County Board of Education.*

*The Richardson Firm, PLLC, by Matthew H. Richardson, for third-party defendant-appellee Chrystal M. Myers.*

*Tharrington Smith, L.L.P., by Stephen G. Rawson, and North Carolina School Boards Association, by Allison B. Schafer, for amicus North Carolina School Boards Association.*

HAMPSON, Judge.

**Factual and Procedural Background**

The Cumberland County Board of Education (Board)[1] appeals from the trial court's Order Granting Motion to Set Aside Forfeiture (Order) under N.C. Gen. Stat. § 15A-544.5. The Record before us tends to show the following:

On 31 October 2018, Devonta Ozell Smith (Defendant) failed to appear in Cumberland County Superior Court on two criminal charges. On 15 November 2018, the trial court issued a Bond Forfeiture Notice ordering the forfeiture of an appearance bond for Defendant in the amount of $25,000.00 posted by Chrystal M. Myers (Myers) as Bail Agent on behalf of International Fidelity Insurance Company (Surety). The Bond Forfeiture Notice set a final judgment date of 20 April 2019, on or before which a motion to set aside forfeiture could be filed. The Bond Forfeiture Notice was served on Myers and Surety on 21 November 2018.

On 15 April 2019, Myers filed a Motion to Set Aside Forfeiture utilizing the pre-printed form, Form AOC-CR-213. The form lists the seven exclusive statutory reasons—under N.C. Gen. Stat. § 15A-544.5(b)—for which a bond forfeiture may be set aside and includes corresponding boxes for a movant to mark the specific reason(s) alleged for setting aside the forfeiture. *See* N.C. Gen. Stat. § 15A-544.5(b) (2019). On this form, Myers checked Box 6 comporting with N.C. Gen. Stat. § 15A-544.5(b)(6):

> The defendant was incarcerated in a unit of the Division of Adult
> Correction and Juvenile Justice and is serving a sentence or in a

---

[1] "The Board's status as appellant in the instant case is due to its status as the ultimate recipient of the 'clear proceeds' of the forfeited appearance bond at issue herein, pursuant to Article IX, § 7 of the North Carolina Constitution." *State v. Chestnut*, 255 N.C. App. 772, 772 n.1, 806 S.E.2d 332, 333 n.1 (2017) (citation and quotation marks omitted).

> unit of the Federal Bureau of Prisons located within the borders of the state at the time of the failure to appear as evidenced by a copy of an official court record or copy of a document from the Division of Adult Correction and Juvenile Justice or Federal Bureau of Prisons, including an electronic record.

Myers attached to her Motion a letter from a United States probation officer from the Eastern District of North Carolina, stating: "Our records show that [Defendant] is currently in U.S. Marshal's custody, and being housed at Piedmont Regional Jail in Farmville, VA. The records further show that he has been in federal custody since March 6, 2018."

On 3 May 2019, the Board filed an Objection to the Motion to Set Aside Forfeiture. In its Objection, the Board pointed out Myers's Motion, on behalf of Surety, established Defendant was incarcerated in Virginia. The Board further alleged, "[o]ur research has indicated that the Defendant has been in the Piedmont Regional Jail in Farmville, VA since September 12, 2018, and he is still currently incarcerated at this jail." The Board claimed Myers's Motion should be denied because Defendant was incarcerated in Virginia and not North Carolina and thus the specific requirements of N.C. Gen. Stat. § 15A-544.5(b)(6) for setting aside Defendant's bail forfeiture—including requiring Defendant be incarcerated "within the borders of the State"—were not met. *Id.* § 15A-544.5(b)(6).

The trial court held a hearing on Myers's Motion and the Board's Objection on 13 May 2019. At this hearing, the attorney for the Board reasserted that while

Myers's Motion alleged Defendant was incarcerated within the borders of North Carolina, Defendant was, in fact, incarcerated in Virginia and therefore Myers's Motion was deficient and should be denied. The Board's attorney acknowledged the separate statutory ground for setting aside the bond forfeiture under N.C. Gen. Stat. § 15A-544.5(b)(7)—lining up with Box 7 on Form AOC-CR-213—in the circumstance a defendant is "incarcerated in a local, state, or federal detention center, jail or prison located anywhere within the borders of the United States at the time of the failure to appear[.]"[2] *Id.* § 15A-544.5(b)(7). However, the Board's attorney contended this ground was not met because it contains a separate 10-day notice provision to the District Attorney's Office and "there is no evidence that, that was ever done." The Board's attorney summarized his argument:

> So, our objection is that the basis for the set-aside that was claimed in the motion is just factually incorrect. If they had gotten the correct basis, then they would have been up against that ten days. And there's no way to do that on the very last day when the judgment became final.

---

[2] Box 7 on Form AOC-CR-213 provides:

The defendant was incarcerated in a local, state, or federal detention center, jail, or prison located anywhere within the borders of the United States at the time of the failure to appear or between the failure to appear and the final judgment date, and the district attorney for the county in which the charges are pending was notified of the defendant's incarceration while the defendant was still incarcerated and the defendant remains incarcerated for a period of 10 days following the district attorney's receipt of notice, as evidenced by a copy of the written notice served on the district attorney via hand delivery or certified mail and written documentation of date upon which the defendant was released from incarceration, if the defendant was released prior to the time the motion to set aside was filed.

In response, Myers, proceeding *pro se*, argued she had, in fact, timely served notice on the District Attorney's Office of Defendant's incarceration in Virginia. Myers further stated she intended to check Box 7 but instead "checked the wrong box." She requested the trial court allow her to amend her Motion to reflect the correct ground for the set-aside.

Responding to questions from the trial court, the Board's attorney agreed he did not dispute the fact Defendant was (and remained) in federal custody and agreed there was no way for Defendant to be in court for his court date. The Board's attorney, however, continued to assert there was no evidence of the requisite notice being delivered to the District Attorney's Office under N.C. Gen. Stat. § 15A-544.5(b)(7). Myers again argued she had provided timely notice 10 days prior to filing her Motion and submitted to the trial court a letter[3] dated and file-stamped 5 April 2019, stating:

> I, [Myers], posted the attached bond for [Defendant] on 8/11/17. . . . [Defendant] was taken into Federal Custody on 3-06-18 and is currently being held in the Piedmont Regional Jail in V.A. I received the attached Bond Forfeiture notice indicating [Defendant] failed to appear in Superior Court on 10/31/18 for case 17CRS060527. Since [Defendant] was in Federal Custody at the time of the failure to appear, Per G.S. 15A-544.5, I must

---

[3] On 30 October 2019, Myers filed a Rule 9(b)(5) Supplement to the Printed Record on Appeal to include this letter in the Record on Appeal. *See* N.C.R. App. P. 9(b)(5)(a) (2019) (allowing a responding party to supplement the record on appeal "with any items that could otherwise have been included pursuant to this Rule 9"). On 4 November 2019, the Board filed a Motion to Strike this letter from the Record on Appeal, which was referred to this panel on 8 November 2019. Because the letter at issue was submitted for consideration at the hearing on Myers's Motion—and thus could "otherwise have been included" in the Record—we deny the Board's Motion to Strike the letter from the Record. *Id.*; *cf. id.* 11(c) (providing items "not filed, served, *submitted for consideration*, admitted, or for which no offer of proof was tendered, shall not be included" in the record on appeal (emphasis added)).

service Notice on the D.A. at least 10 days prior to the filing of a Motion to Set Aside with documentation attached. This notice will be clocked in on today's date 4/5/19 and served by placing a copy in the District Attorney's box by hand delivery. I will file the Motion to Set Aside on 4/15/19 with a copy of this notice given and required documentation.

The trial court then turned apparently to a member of the District Attorney's Office—a Mr. Paschal—and asked if the District Attorney's Office understood Defendant was in federal custody, and Mr. Paschal responded: "Yes, sir."[4] Following argument, the trial court rendered its ruling:

> THE COURT: All right. I find as a fact that the Defendant did not show up for Court on the day he was supposed to, but everybody agrees he was in federal court custody. It was impossible for him to do so. He was in Virginia. Apparently the wrong paperwork was filed. In an effort to be equitable, fair, and just, the forfeiture is set aside. Will you draw that up for us?
>
> [BOARD'S ATTORNEY]: I'd be happy to, Your Honor.
>
> THE COURT: Thank you. Make it sound good, too. Make it sound better than I just said it.
>
> (Laughter.)

The Board's attorney, however, prepared a proposed Order that failed to reflect the trial court's key findings, including no mention of the fact Defendant was in

---

[4] The Record before us does not make it expressly clear Mr. Paschal was a member of the District Attorney's Office and does not include any appearance on behalf of the State. At this criminal session of court, however, in the context of the hearing, it is not unreasonable to infer the trial court was seeking the State's position. In any event, what is clear is that the Record before us discloses no objection or dispute by the District Attorney's Office to the fact Defendant was in federal custody and unable to appear for his criminal trial or complaint the State did not have sufficient notice of this fact.

federal custody in Virginia and unable to appear and that these facts were not disputed. In addition, the proposed Order contained no reference to the fact Myers had filed the wrong paperwork or the potential existence of grounds to set aside the bond forfeiture under N.C. Gen. Stat. § 15A-544.5(b)(7). Instead, the proposed Order prepared by the Board's attorney merely recited the Board's grounds for objecting to Myers's Motion under Section 15A-544.5(b)(6) and included only the following Findings of Fact and Conclusions of Law:

### FINDINGS OF FACT

1. [Myers], Agent for Surety filed a "Motion To Set Aside Forfeiture for this case on April 15, 2019, pursuant to N.C.G.S. §15A-554.5(6) stating that "*The defendant was incarcerated in a unit of the Division of Adult Correction and Juvenile Justice and is serving a sentence or in a unit of the Federal Bureau of Prisons located within the borders of the state at the time of the failure to appear as evidenced by a copy of an official court record or copy of a document from the Division of Adult Correction and Juvenile Justice or Federal Bureau of Prisons, including an electronic record,*" and properly served by personal deliver on April 18, 2019.

2. The [Board] filed an Objection and Notice of Hearing for this case on May 3, 2019 on the basis that the documentation attached to Surety's motion and filed with the Court in fact confirmed that the Defendant was not incarcerated in the State of North Carolina at the time of the failure to appear, and set this matter for hearing on May 13, 2019.

### CONCLUSIONS OF LAW

The Court having received the Surety's Motion to Set Aside Forfeiture, the [Board's] Objection thereto, and the other contents of the Court's file along with arguments of counsel and the surety's representative in open court, and in an effort to be

equitable, fair, and just, hereby ORDERED, ADJUDGED AND DECREED that the Surety's Motion to Set Aside Forfeiture is GRANTED.

The trial court signed this proposed Order—submitted on the personalized ruled legal stationery of the Board's attorney—on 29 May 2019, and it was filed and entered on 31 May 2019.[5] The Board timely filed Notice of Appeal from this Order on 27 June 2019.

## **Issue**

The dispositive issue on appeal is whether the trial court's Findings of Fact and Conclusions of Law in its written Order support its decision to set aside the bond forfeiture.

## **Analysis**

### I. Standard of Review

"In an appeal from an order setting aside a bond forfeiture, the standard of review for this Court is whether there was competent evidence to support the trial court's findings of fact and whether its conclusions of law were proper in light of such facts." *Chestnut*, 255 N.C. App. at 773, 806 S.E.2d at 334 (citations and quotation

---

[5] We acknowledge it is a well-accepted practice for a trial court to request counsel for a party to draft a proposed order and there are good reasons for this practice. This Court has, however, also emphasized in employing this practice, "[i]t is important that our trial courts not only be impartial, but also have every appearance of impartiality. We strongly discourage judges from signing orders prepared on stationery bearing the name of any law firm." *In re T.M.H.*, 186 N.C. App. 451, 455-56, 652 S.E.2d 1, 3 (2007); *see also Heatzig v. MacLean*, 191 N.C. App. 451, 461, 664 S.E.2d 347, 355 (2008) (citations omitted).

marks omitted); *see also* N.C. Gen. Stat. § 15A-544.5(h) (providing in part that "[a]n order on a motion to set aside a forfeiture is a final order or judgment of the trial court for purposes of appeal. Appeal is the same as provided for appeals in civil actions."). "Questions of law, including matters of statutory construction, are reviewed *de novo*." *Chestnut*, 255 N.C. App. at 774, 806 S.E.2d at 334 (citation omitted).

## II. Motion to Set Aside Bail Bond Forfeiture

Sections 15A-544.1 through 15A-544.8 of our General Statutes govern bail bond forfeitures in North Carolina.

> If a defendant who was released . . . upon execution of a bail bond fails on any occasion to appear before the court as required, the court shall enter a forfeiture for the amount of that bail bond in favor of the State against the defendant and against each surety on the bail bond.

N.C. Gen. Stat. § 15A-544.3(a) (2019). "A forfeiture entered under [Section] 15A-544.3 becomes a final judgment of forfeiture 'on the one hundred fiftieth day after notice is given under [Section] 15A-544.4 if (1) no order setting aside the forfeiture under [Section] 15A-544.4 is entered on or before that date; and (2) no motion to set aside the forfeiture is pending on that date.'" *Chestnut*, 255 N.C. App. at 774, 806 S.E.2d at 334 (alterations omitted) (quoting N.C. Gen. Stat. § 15A-544.6 (2015)).

"The exclusive avenue for relief from forfeiture of an appearance bond (where the forfeiture has not yet become a final judgment) is provided in [Section] 15A-

544.5." *State v. Williams*, 218 N.C. App. 450, 451, 725 S.E.2d 7, 9 (2012) (citation and quotation marks omitted). Under Section 15A-544.5(a), "[t]here shall be no relief from a forfeiture except as provided in this section. The reasons for relief are those specified in subsection (b) of this section." N.C. Gen. Stat. § 15A-544.5(a); *see also State v. Rodrigo*, 190 N.C. App. 661, 664, 660 S.E.2d 615, 617 (2008) ("Relief from a forfeiture, before the forfeiture becomes a final judgment, is exclusive and limited to the reasons provided in N.C. Gen. Stat. § 15A-544.5." (citations omitted)); *State v. Knight*, 255 N.C. App. 802, 810, 805 S.E.2d 751, 756 (2017) (recognizing "the plain language used in [Section] 15A-544.5 and the statute's legislative history demonstrate that the General Assembly intended to limit a trial court's authority in setting aside a bond forfeiture before the entry of a final judgment").

Relevant to this appeal, Section 15A-544.5(b) in turn provides:

> Except as provided by subsection (f) of this section, a forfeiture shall be set aside for any one of the following reasons, and none other:
>
> . . . .
>
> (6) The defendant was incarcerated in a unit of the Division of Adult Correction and Juvenile Justice of the Department of Public Safety and is serving a sentence or in a unit of the Federal Bureau of Prisons located within the borders of the State at the time of the failure to appear as evidenced by a copy of an official court record or a copy of a document from the Division of Adult Correction and Juvenile Justice of the Department of Public Safety or Federal Bureau of Prisons, including an electronic record.

(7) The defendant was incarcerated in a local, state, or federal detention center, jail, or prison located anywhere within the borders of the United States at the time of the failure to appear, or any time between the failure to appear and the final judgment date, and the district attorney for the county in which the charges are pending was notified of the defendant's incarceration while the defendant was still incarcerated and the defendant remains incarcerated for a period of 10 days following the district attorney's receipt of notice, as evidenced by a copy of the written notice served on the district attorney via hand delivery or certified mail and written documentation of date upon which the defendant was released from incarceration, if the defendant was released prior to the time the motion to set aside was filed.

N.C. Gen. Stat. § 15A-544.5(b)(6)-(7). A party seeking to set aside a forfeiture must make a timely written motion "stat[ing] the reason for the motion and attach[ing] to the motion the evidence specified in subsection (b) of this section." *Id.* § 15A-544.5(d)(1)(d). Our Court has previously held a trial court lacks authority to allow a motion to set aside that is "not premised on any ground set forth in [Section] 15A-544.5." *State v. Sanchez*, 175 N.C. App. 214, 218, 623 S.E.2d 780, 782 (2005).

The Board, tracking the written Order, argues because Myers's Motion only listed Subsection (6) as grounds for setting aside the bond forfeiture, and as there is no dispute Defendant was not incarcerated in North Carolina, there is no competent evidence to support the trial court's decision to set aside the forfeiture. The Board further asserts the trial court lacked any discretionary authority to set aside a bond forfeiture for a reason other than one provided in Section 15A-544.5(b) and therefore the trial court's written conclusion—setting aside the forfeiture "in an effort to be

equitable, fair, and just"—was error.  Generally speaking, the Board is correct.  The Record establishes Defendant was not incarcerated in North Carolina.  It is also well established a trial court lacks discretionary authority to set aside a bond forfeiture for a reason not listed in Section 15A-544.5(b).  *See id.* (explaining a trial court lacks authority to allow a motion to set aside that is "not premised on any ground set forth in [Section] 15A-544.5").

Indeed, Myers does not contest these points.  Rather, Myers argues the trial court did not intend to set aside the forfeiture under Subsection (6) or for general concepts of equity, fairness, and justice.  Myers contends the trial court instead intended to—in an effort to be equitable, fair, and just—treat her Motion as one under Subsection (7) and to grant relief under that statutory subsection.  It seems apparent from the context of the hearing and the trial court's orally rendered ruling this may well have been the trial court's intent.

During the course of the hearing, Myers acknowledged she had checked the wrong box but requested the trial court allow her to amend her Motion and to proceed under Subsection (7).  Myers submitted to the trial court a file-stamped document providing some evidence indicating she provided notice under Subsection (7) to the District Attorney's Office.  Counsel for the Board agreed Defendant had been and remained in federal custody and that it was impossible for Defendant to appear for his court date.  In orally rendering its ruling, the trial court stated:

> I find as a fact that the Defendant did not show up for Court on the day he was supposed to, but everybody agrees he was in federal court custody. It was impossible for him to do so. He was in Virginia. Apparently the wrong paperwork was filed. In an effort to be equitable, fair, and just, the forfeiture is set aside.

It seems evident the basis for the trial court's ruling was that where everyone agreed Defendant was in federal custody in Virginia and unavailable for his court appearance, the trial court would not deny the Motion because the wrong paperwork was filed. Instead, because the fact of Defendant's incarceration in Virginia was known and not disputed, the trial court likely intended to allow Myers's Motion to be amended out of fairness to reflect the correct ground under Subsection (7) and, in turn, grant the corrected and amended Motion.[6]

Even though we agree Myers more likely rightly captures the trial court's intended ruling based on the trial court's orally rendered findings and ruling, the trial court's written Order, as drafted by the Board's attorney, does not reflect the trial court's oral findings, and it is the written Order that controls for purposes of appeal. *See, e.g.*, *Durham Hosiery Mill Fltd. P'ship v. Morris*, 217 N.C. App. 590, 593, 720 S.E.2d 426, 428 (2011) ("The general rule is that the trial court's written order controls over the trial judge's comments during the hearing." (citation omitted));

---

[6] The Board takes issue with the notion the trial court could grant amendment of the Motion, arguing Myers did not technically make a formal motion to amend and the trial court did not technically state it was granting a motion to amend. However, it is clear on the Record Myers was making a request for amendment to the trial court and, in gist, the trial court spent the hearing trying to ascertain why it should not treat Myers's Motion as filed under Subsection (7) when there was little to no dispute on the facts.

*Fayetteville Publ'g Co. v. Advanced Internet Techs., Inc.*, 192 N.C. App. 419, 425, 665 S.E.2d 518, 522 (2008) ("The trial judge's comments during the hearing as to its consideration of the entire case file, evidence and law are not controlling; the written court order as entered is controlling." (citation omitted)).

The written and entered Order, drafted by the Board's attorney, omits entirely the undisputed facts—and the trial court's oral findings—Defendant was in custody in Virginia and that there was no dispute, as a result, it was not possible for Defendant to appear for his court date. It also contains no mention of Myers's filing the wrong paperwork, her request for amendment, her submission of the file-stamped letter referencing service of notice on the District Attorney's Office, or even N.C. Gen. Stat. § 15A-544.5(b)(7).

To the contrary, the written Order contains only two findings merely reciting the Board's basic argument: Myers's Motion checked Box 6 requiring Defendant be incarcerated within the borders of North Carolina and Defendant was not incarcerated in North Carolina. In its sole Conclusion of Law, the trial court's Order does not mention any of the grounds listed under Section 15A-544.5(b) allowing for setting aside a bond forfeiture. *See* N.C. Gen. Stat. § 15A-544.5(b)(1)-(7). Instead, the Order simply concludes, "in an effort to be equitable, fair, and just . . . the Surety's Motion to Set Aside Forfeiture is GRANTED." Because the Order as entered fails to identify any permissible ground for setting aside the forfeiture under Section 15A-

544.5(b), the trial court's Order cannot stand.[7] *See Sanchez*, 175 N.C. App. at 218, 623 S.E.2d at 782 (explaining a trial court lacks authority to allow a motion to set aside that is "not premised on any ground set forth in [Section] 15A-544.5").

Moreover, our Supreme Court has explained, "[o]rdinarily when there is a failure to make a material finding of fact, the case must be remanded for a proper finding." *State v. Bryant*, 361 N.C. 100, 104, 637 S.E.2d 532, 535 (2006) (alterations, citation, and quotation marks omitted). Whether remand is a proper remedy depends on whether sufficient evidence in the record exists to support such a finding. *Cf. id.* at 104, 637 S.E.2d at 535-36 (concluding "remand is not a proper remedy . . . because the record lacks sufficient evidence to support such a finding"); *but see State v. Morgan*, 372 N.C. 609, 618, 831 S.E.2d 254, 260 (2019) (remanding "to the Court of Appeals for further remand to the trial court for a finding of whether good cause exists to revoke defendant's probation despite the expiration of his probationary period and—assuming good cause exists—to make a finding in conformity with [N.C. Gen. Stat.] § 15A-1344(f)(3)").

Review of the transcript from the hearing in this case shows the trial court was asked to consider Myers's request under Subsection (7). It is undisputed Defendant

---

[7] It bears mentioning Form AOC-CR-213 actually contains a separate section in which the trial court may simply enter its order on an objection to a motion to set aside the bond forfeiture, providing the trial court the option of checking boxes finding or not finding "the moving party has established one or more of the reasons specified in [Section] 15A-544.5 for setting aside that forfeiture" and either allowing or denying the motion to set aside the forfeiture. Here, the trial court entered a separate order, and we leave aside the question of whether the trial court could simply have utilized the form.

was in federal custody in Virginia. Myers contended she provided proper notice and submitted to the trial court file-stamped documentation weighing on whether she, in fact, provided proper notice under Subsection (7) to the District Attorney's Office. However, the trial court's Order failed to make material findings of fact, conclusions of law, or any ruling as to whether (1) Myers's Motion should properly be considered under N.C. Gen. Stat. § 15A-544.5(b)(7) and (2) the bond forfeiture should be set aside under N.C. Gen. Stat. § 15A-544.5(b)(7). Thus, the trial court's written Order fails to address the key material issues at issue in this case. Consequently, we vacate the trial court's Order and remand this matter to the trial court for additional findings and, fundamentally, a determination of whether the bond forfeiture should be set aside under Subsection 15A-544.5(b)(7). *See Morgan*, 372 N.C. at 618, 831 S.E.2d at 260.

## Conclusion

Accordingly, for the foregoing reasons, we vacate the trial court's Order and remand this matter to the trial court for entry of a new order determining whether the bond forfeiture should be set aside under N.C. Gen. Stat. § 15A-544.5(b)(7).

VACATED AND REMANDED.

Chief Judge McGEE and Judge BRYANT concur.