STATE OF NORTH CAROLINA v. GARY NEAVE HOLLARS, Defendant, SURETY: DAVID FRALEY-BRADSHAW'S BONDING CO., agent for RANGER INSURANCE COMPANY; JUDGMENT CREDITOR: WATAUGA COUNTY BOARD OF EDUCATION

No. COA04-1347

(Filed 7 March 2006)

## Bail and Pretrial Release— forfeiture—defendant surrendered to Tennessee jail

There is a clear legislative intent that a nonappearing defendant be surrendered to a North Carolina sheriff before a bond forfeiture is set aside. The trial court here correctly denied a surety's motion to set aside a bond forfeiture which occurred when defendant failed to appear on drug charges in Watauga County and was later surrendered to the Johnson County, Tennessee jail by the surety's agent. N.C.G.S. § 15A-540(b).

Appeal by agent, David Fraley-Bradshaw's Bonding Co., for Surety, Ranger Insurance Company from Order Denying Bond Forfeiture entered 24 June 2004 by Judge Alexander Lyerly in the District Court in Watauga County. Heard in the Court of Appeals 18 August 2005.

*Steven M. Carlson, for surety-appellant.*

*Miller & Johnson, P.L.L.C., by Linda L. Johnson, for judgment creditor-appellee.*

HUDSON, Judge.

Gary Neave Hollars ("defendant") was arrested on drug charges in Watauga County, North Carolina in October 2003. A $12,000 secured bond was arranged through the agent of Ranger Insurance Co. ("Surety") and defendant was released from pretrial confinement. Defendant failed to appear at a scheduled court date on 19 November 2003, at which time a warrant was issued for his arrest and a Bond Forfeiture Notice was issued to Surety. The final judgment date of the bond forfeiture was 18 April 2004.

Defendant was arrested in Johnson County, Tennessee on 11 February 2004 on new drug charges in addition to the charge of being a fugitive from justice based upon the outstanding warrant from North Carolina. Defendant waived extradition to North Carolina.

Surety's agent, upon discovery of defendant's whereabouts, appeared in person in Johnson County, Tennessee on 14 April 2004 and surrendered custody of defendant to a custodian of the Johnson County jail. On the same date, Surety's agent filed a motion with the Watauga County Clerk of Superior Court, on behalf of Surety, to set aside the bond forfeiture. Surety's motion was based upon the surrender of defendant to the sheriff of Johnson County, Tennessee pursuant to N.C. Gen. Stat. § 15A-540 (2003). A "Surrender of Defendant by Surety" form, executed by the custodian at the Johnson County jail, was attached to the motion.

The Watauga County School Board ( the "School Board") objected to Surety's motion to set aside the bond forfeiture. The motion was denied by Chief District Court Judge Alexander Lyerly on 12 May 2004. The order denying Surety's motion was filed on 24 June 2004. Surety gave notice of appeal on 23 July 2004.

Surety argues that the trial court erred in denying its motion to set aside the bond forfeiture as defendant was surrendered in accordance with N.C. Gen. Stat. § 15A-540(b) prior to the final judgment date of bond forfeiture. We do not agree.

In construing statutes, courts must effectuate the intent of the General Assembly, which is determined by "the language of the statute, the spirit of the statute, and what it seeks to accomplish." *State ex rel. Utilities Commission v. Public Staff*, 309 N.C. 195, 210, 306 S.E.2d 435, 444 (1983). Surety argues that the surrender of defendant to the Johnson County, Tennessee sheriff complied with statutory provisions and, therefore, it is entitled to have the forfeiture set aside. The School Board argues that Surety's surrender of defendant to the Tennessee sheriff failed to comply with the statutory requirements for setting aside a bond forfeiture as such a surrender may be accomplished only by a surrender to a North Carolina sheriff. Therefore, the question before this Court is whether our legislature intended that only the surrender of a defendant to a *North Carolina* sheriff would suffice for a bond forfeiture to be set aside or whether a defendant may be surrendered to a sheriff in another state.

After defendant missed a scheduled court appearance on 19 November 2003, bond forfeiture was entered. The Bond Forfeiture Notice was served upon defendant and Surety on 20 November 2003. This notice advised defendant and Surety that the forfeiture will be set aside if satisfactory evidence is presented to the court that:

the defendant has been surrendered by a surety or bail agent *to a sheriff of this State* as provided by law.

N.C. Gen. Stat. § 15A-544.3(b)(9)(iii) (emphasis added).

N.C. Gen. Stat. § 15A-544.5(b)(3) allows a forfeiture to be set aside if "[t]he defendant has been surrendered by a surety on the bail bond as provided by G.S. 15A-540, as evidenced by the sheriff's receipt provided for in that section." N.C. Gen. Stat. § 15A-540(b) discusses the surrender of a defendant by a surety after a breach of his conditions of release. It first states that after arresting a defendant, the surety may surrender him "to the sheriff of the county in which the defendant is bonded to appear or to the sheriff where the defendant was bonded." Clearly these provisions contemplate surrender to a North Carolina sheriff.

This statute goes on to state:

Alternatively, a surety may surrender a defendant who is already in the custody of any sheriff by appearing in person and informing the sheriff that the surety wishes to surrender the defendant.

This provision must be read in conjunction with the prior provisions of § 15A-540(b) and with § 15A-544.3(b)(9), which contemplate surrender to a North Carolina sheriff. "Statutes dealing with the same subject matter must be construed *in pari materia* and harmonized, if possible, to give effect to each." *Board of Adjust. v. Town of Swansboro*, 334 N.C. 421, 427, 432 S.E.2d 310, 313, *reh'ing denied*, 335 N.C. 182, 436 S.E.2d 369 (1993). " '[T]he various provisions of an act should be read so that all may, if possible, have their due and conjoint effect without repugnancy or inconsistency, so as to render the statute a consistent and harmonious whole.' " *Walker v. American Bakeries Co.*, 234 N.C. 440, 442, 67 S.E.2d 459, 461 (1951) (*quoting* 50 Am. Jur. Statutes § 363). "Portions of the same statute dealing with the same subject matter are 'to be considered and interpreted as a whole, and in such case it is the accepted principle of statutory construction that every part of the law shall be given effect if this can be done by any fair and reasonable intendment . . . .' " *Huntington Properties, LLC v. Currituck County*, 153 N.C. App. 218, 224, 569 S.E.2d 695, 700 (2002) (*quoting In re Hickerson*, 235 N.C. 716, 721, 71 S.E.2d 129, 132 (1952).

Surety contends that "any sheriff" means not any sheriff in North Carolina, but any sheriff anywhere in the United States, or possibly in

any foreign country. Clearly, this was not the intent of the legislature. In determining legislative intent, "[w]ords and phrases of a statute 'must be construed as a part of the composite whole and accorded only that meaning which other modifying provisions and the clear intent and purpose of the act will permit.' " *Underwood v. Howland*, 274 N.C. 473, 479, 164 S.E.2d 2, 7 (1968) (*quoting* 7 Strong's N.C. Index 2d, Statutes, § 5). The clear intent of both statutes was to require surrender to a North Carolina sheriff. Surety's contention ignores the express language of the Bond Forfeiture Notice in N.C. Gen. Stat. § 15A-544.3(b)(9)(iii), which plainly instructs Surety to deliver defendant to a "sheriff of this State." Further, N.C. Gen. Stat. § 15A-540(b) only makes reference to North Carolina sheriffs, both in the county where the defendant is or was bonded, and outside of that county. These provisions should be interpreted as a composite whole to reflect the clear legislative intent that N.C. Gen. Stat. § 15A-540(b) deals solely with surrender within North Carolina.

This statutory interpretation also reinforces the purpose of bail, which is to "secure the appearance of the principal in court as required." *State v. Vikre*, 86 N.C. App. 196, 199, 356 S.E.2d 802, 804, *disc. review denied*, 320 N.C. 637, 360 S.E.2d 103 (1987). This purpose would be frustrated if a principal is allowed to be delivered to the sheriff of another state outside of the jurisdiction of the North Carolina courts where the defendant may never be returned to North Carolina to appear in court.

Affirmed.

Judges STEELMAN and JACKSON concur.