IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA18-1311

 Filed: 6 August 2019

Alamance County, No. 17CR053304

STATE OF NORTH CAROLINA

 v.

ELMER ROMERO ORTIZ, Defendant, and
ANTHONY BROADWAY, Bail Agent, and
1ST ATLANTIC SURETY COMPANY, Surety.

 Appeal by the State from Order entered 18 September 2018 by Judge Larry D.

Brown, Jr. in Alamance County District Court. Heard in the Court of Appeals 21

May 2019.

 Todd Allen Smith and Champion & Giles, P.A., by Robert Clyde Giles, II, for
 Alamance-Burlington Board of Education, Appellant.

 No brief for Elmer Romero Ortiz, Defendant.

 David K. Holley for Anthony Broadway, Bail Agent, Appellee.

 Brian Elston Law, by Brian D. Elston, for 1st Atlantic Surety Company, Surety,
 Appellee.

 INMAN, Judge.

 The Alamance-Burlington Board of Education (“the Board”) appeals from the

trial court’s order providing relief from a forfeited bond before a final judgment. The

Board argues that the trial court erred in granting relief based on N.C. Gen. Stat. §
 STATE V. ORTIZ

 Opinion of the Court

15A-301 because a different statute, N.C. Gen. Stat. § 15A-544.5, is the exclusive

means for relief. After thorough review of the record and applicable law, we vacate

the trial court’s order.

 I. FACTUAL AND PROCEDURAL BACKGROUND

 The record tends to show the following1:

 On 29 June 2017, Defendant Elmer Romero Ortiz (“Defendant”) was arrested

in Alamance County on felony charges of committing a statutory sex offense on a child

younger than fifteen years of age and taking indecent liberties with a minor.

Defendant was released on a $50,000 bond on 30 June 2017 to secure his appearance

at further proceedings. The bond was underwritten by Anthony Broadway as bail

agent for 1st Atlantic Surety Company (collectively, “Sureties”).

 Defendant failed to appear for his 14 February 2018 court date. The court

forfeited Defendant’s bond and issued an order for his arrest. The forfeiture order

was entered on 19 February 2018, the parties were notified of the forfeiture on 22

February 2018, and the final judgment of forfeiture was scheduled to be entered on

22 July 2018.

 On 26 April 2018, Sureties filed a motion to recall the order for arrest and

strike the forfeited bond, pursuant to N.C. Gen. Stat. §§ 15A-301 and 15A-544.5.

 1Because there is no transcript of the trial court proceedings, the parties prepared a narrative
summarizing what transpired at the hearings, pursuant to Rule 9(c)(1) of our Rules of Appellate
Procedure.

 -2-
 STATE V. ORTIZ

 Opinion of the Court

Sureties alleged that Defendant was deported at the time of his missed 14 February

2018 court appearance.

 During the initial hearing on the motion on 3 May 2019, the Board argued that

because the forfeiture had not yet become a final judgment, Section 15A-544.5 was

the sole avenue of relief and that Sureties could not establish any of that statute’s

enumerated factors to set aside the bond forfeiture. Sureties conceded that none of

the factors existed, but argued that Section 15A-301 provided alternative authority

for the trial court to strike the forfeiture. The trial court took the matter under

advisement and continued the hearing.

 At the second hearing on 9 May 2018, at the request of the trial court,

Defendant’s counsel and an assistant district attorney for Alamance County were

present, along with Sureties and the Board. Defense counsel informed the trial court

that Defendant was in federal immigration custody on 14 February 2018 and that his

current whereabouts were unknown.2 The assistant district attorney asserted her

belief that since being deported, Defendant “had already returned to the United

 2 Throughout the proceedings, Defendant’s location was never verified, nor did the trial court
ever determine whether he was permanently deported or detained somewhere in the United States.
Prior to his February 2018 court date, in a letter dated 20 November 2017, the United States
immigration authorities notified the Alamance County Clerk of Court that it “[would] be enforcing an
order of removal from the United States against” Defendant. The assistant district attorney also filed
a dismissal with leave on 14 February 2018 reasoning that Defendant was deported. And in the trial
court’s order granting relief from the forfeited bond, it found that Defendant was in federal custody
prior to his court date.

 -3-
 STATE V. ORTIZ

 Opinion of the Court

States without proper permission and had been apprehended by law enforcement

officials in Texas.” The trial court again took the matter under advisement.

 During the third hearing on 20 July 2018—two days before the original final

judgment date—the trial court told the parties that it would not strike Defendant’s

arrest order but would grant Sureties relief from the forfeited bond. The trial court

entered a written order on 18 September 2018 citing Section 15A-301 for its authority

to grant relief and found “that extraordinary circumstances exist[ed] for good cause”

to strike the bond forfeiture.

 The Board appealed on 20 September 2018.

 II. ANALYSIS

 A. Notice of Appeal

 Sureties argue that the Board’s appeal should be dismissed because it untimely

filed notice of appeal more than two months following entry of final judgment on 20

July 2018. We disagree.

 Rule 3 of our Rules of Appellate Procedure generally provides that in civil

actions a party has 30 days to file and serve notice of appeal from the date of the trial

court’s final judgment or from the date of service if not served within three days upon

judgment. N.C. R. App. P. 3(c) (2019); Brown v. Swarn, __ N.C. App. __, __, 810 S.E.2d

237, 238 (2018). In describing what makes a judgment final, Rule 58 of our Rules of

Civil Procedure states:

 -4-
 STATE V. ORTIZ

 Opinion of the Court

 [A] judgment is entered when it is reduced to writing,
 signed by the judge, and filed with the clerk of court
 pursuant to Rule 5. The party designated by the judge or,
 if the judge does not otherwise designate, the party who
 prepares the judgment, shall serve a copy of the judgment
 upon all other parties within three days after the judgment
 is entered.

N.C. Gen. Stat. § 1A-1, Rule 58 (2017) (emphasis added). Thus, “the rendering of an

oral ruling does not constitute the entry of a final judgment or order.” Kingston v.

Lyon Constr., Inc., 207 N.C. App. 703, 709 n.3, 701 S.E.2d 348, 353 n.3 (2010) (citing

Kirby Bldg. Sys., Inc. v. McNiel, 327 N.C. 234, 393 S.E.2d 827 (1990)); see also Carter

v. Hill, 186 N.C. App. 464, 465-66, 650 S.E.2d 843, 844 (2007) (holding that no

judgment was entered to support the civil contempt order because it was made orally

by the trial court and not reduced to writing, pursuant to Rule 58).

 After the trial court’s oral ruling at the 20 July 2018 hearing, the clerk stamped

“forfeiture stricken” on the bond forfeiture notice, and the trial court signed and dated

that stamp. The clerk also wrote “entered” and the date next to the stamp. No copy

of the signed and stamped forfeiture notice was served on either of the parties.

Sureties assert that (1) the stamped forfeiture notice constituted a valid written final

judgment and (2) because final judgment was rendered, the Board had actual notice

of the entry of judgment and its content, notwithstanding the lack of service.3

 3 Sureties made the same argument in the district court arguing that the Board had actual
notice of the court’s decision on 20 July 2018. The trial court, in an order entered on 21 December
2018, denied Sureties’ motion. Sureties do not contest any of the findings in that order.

 -5-
 STATE V. ORTIZ

 Opinion of the Court

 It is clear from the 18 September 2018 order that the trial court did not

construe the signed and stamped forfeiture notice to be a final judgment. Not only

was the stamped notice not served on the parties, as required by Rule 58 of the Rules

of Civil Procedure, the parties’ and trial court’s actions contravene Sureties’

argument. At the conclusion of the 20 July 2018 hearing, the trial court told Sureties,

consistent with Rule 58, to draft a proposed final order, deliver it to the Board for

review, and then submit it to the trial court. After Sureties submitted a proposed

order, the trial court notified the parties that it would write its own final order. These

communications are inconsistent with the stamped and signed forfeiture notice

serving as a final judgment. See Russ v. Woodard, 232 N.C. 36, 41, 59 S.E.2d 351,

355 (1950) (holding that a final judgment is made “without any reservation for other

and future directions of the court, so that it is not necessary to bring the case again

before the court” (quotations and citations omitted) (emphasis added)).

 Further, the Board’s conduct reflects that it did not have notice that final

judgment had been rendered before the trial court’s written order in September 2018.

See Durling v. King, 146 N.C. App. 483, 494, 554 S.E.2d 1, 7 (2001) (citations omitted)

(“[T]he purposes of the requirements of Rule 58 are to make the time of entry of

judgment easily identifiable, and to give fair notice to all parties that judgment has

been entered.”). After the trial court indicated that it would write the final order, the

 -6-
 STATE V. ORTIZ

 Opinion of the Court

Board continually inquired up until 18 September 2018 as to when the order would

be finalized because it “wished to enter a timely notice of appeal.”

 We therefore conclude that the trial court’s judgment granting relief from the

forfeited bond was not entered on 20 July 2018, but rather on 18 September 2018.

Because the Board timely filed notice of appeal two days later, we need not address

Sureties’ secondary argument concerning the Board’s actual notice, and proceed in

reviewing the merits of the issue on appeal.

 B. Authority to Grant Relief Pre-Final Judgment

 The Board argues that Section 15A-544.5 is the sole provision in Chapter 15A

for a court to provide relief before the date of a forfeited bond’s final judgment and

that the trial court erred in granting relief from the bond forfeiture. In response,

Sureties argue that Section 15A-301 granted the trial court authority to relieve them

of their bond obligation. For the reasons set out below, we conclude that the trial

court exceeded its statutory authority provided by Chapter 15A and vacate the trial

court’s order.

 Section 15A-554.1 et seq. of our General Statutes govern bail bond forfeiture

and establish the contours of the trial court’s authority to relieve an obligor from its

bond liability. When a bond has been issued to secure the pre-trial release of a

criminal defendant who then proceeds to “fail[] on any occasion to appear before the

court as required,” the trial court is obligated to “enter a forfeiture for the amount of

 -7-
 STATE V. ORTIZ

 Opinion of the Court

that bond . . . against each surety on the bail bond.” N.C. Gen. Stat. § 15A-544.3(a)

(2017). A forfeiture order becomes a final judgment 150 days after notice is given to

the interested parties. Id. § 15A-544.6. Once final, the judgment is docketed “as a

civil judgment . . . against each surety named in the judgment.” Id. § 15A-544.7(a).

 In certain statutorily-prescribed circumstances, the trial court can grant relief

to a surety from the forfeited bond pre- and post-final judgment. For bonds that have

not become final judgments, the trial court can only “set aside” a forfeiture if one of

seven enumerated reasons have been established, such as due to the defendant’s

death or additional incarceration. See id. § 15A-544.5(b) (“Reasons for Set Aside.”).

For final judgments, the trial court can grant “relief” if (1) “[t]he person seeking relief

was not given notice” or (2) “[o]ther extraordinary circumstances exist that the court,

in its discretion, determines should entitle that person to relief.” Id. § 15A-544.8(b).

 Here, the trial court concluded that, although Section 15A-544.5 did not apply,4

as no factor existed to set aside the forfeited bond, Section 15A-301 provided a basis

to grant relief. Section 15A-301 generally allows for the trial court to recall “[a]ny

criminal process other than a warrant or criminal summons . . . for good cause.” Id.

§ 15A-301(g)(2). The trial court construed Section 15A-544.5 to apply only to “motions

to set-aside [sic] a forfeiture,” and concluded that a “motion[] to strike a bond

 4 Section 15A-544.8 was not implicated because the parties disputed the bond forfeiture before
it was scheduled to become final on 22 July 2018. See id. § 15A-544.6 (stating that a forfeiture does
not become final if (1) an order to set aside the forfeiture was entered on or before the final judgment
date or (2) a motion to set aside the forfeiture is pending on the date of final judgment).

 -8-
 STATE V. ORTIZ

 Opinion of the Court

forfeiture (recall of process)” pursuant to Section 15A-301 is distinct and provided an

alternative basis to grant Sureties relief. Because Sureties motioned to “strike”—

instead of set aside—the forfeited bond, the trial court concluded Section 15A-301

applied in lieu of Section 15A-544.5.

 The Board contends that a bond forfeiture is not a criminal process as written

in Chapter 15A, Article 17 of our General Statutes, but rather a civil matter separate

from any criminal statute’s purview. Indeed, although bond proceedings are ancillary

to an underlying criminal proceeding, they are civil in nature and are not controlled

by the North Carolina Rules of Criminal Procedure, State ex rel. Moore Cnty. Bd. of

Educ. v. Pelletier, 168 N.C. App. 218, 221, 606 S.E.2d 907, 909 (2005), and forfeited

bonds are docketed as civil judgments once final. N.C. Gen. Stat. § 15A-544.7(a).

Further, Article 17 of our General Statutes establishes four types of criminal

processes: citations, criminal summons, warrants for arrests, and orders for arrests.

N.C. Gen. Stat. §§ 301 et seq. (2017). Bond forfeiture proceedings—and bonds

generally—are not listed as a criminal process or referenced in any of Article 17’s

provisions. It follows then that a trial court’s authority to recall a criminal process

under Section 15A-301 does not extend to bond forfeitures.5

 5 The trial court’s error in this regard is understandable. It is well established that the purpose
of bail “is to secure the appearance of the principal in court as required.” State v. Hollars, 176 N.C.
App. 571, 574, 626 S.E.2d 850, 853 (2006) (quotations and citation omitted). But, “Criminal Process”
is defined as “[a] process (such as an arrest warrant) that issues to compel a person to answer for a
crime.” Black’s Law Dictionary (11th ed. 2019); see also State v. Jones, __ N.C. App. __, __ 805 S.E.2d

 -9-
 STATE V. ORTIZ

 Opinion of the Court

 Even assuming, without deciding, that a bond forfeiture proceeding is a

criminal process, Section 15A-544.5 provides that “[t]here shall be no relief from a

[pre-final] forfeiture except as provided in this section” and that “a forfeiture shall be

set aside for any one of the [seven] reasons, and none other.” Id. §§ 15A-544.5(a)-(b)

(emphasis added). Section 15A-544.5 clearly and unambiguously instructs that it is

“[t]he exclusive avenue for relief from forfeiture on an appearance bond (where the

forfeiture has not yet become a final judgment).” State v. Williams, 218 N.C. App.

450, 451, 725 S.E.2d 7, 9 (2012); see also State v. Knight, __ N.C. App. __, __, 805

S.E.2d 751, 755 (2017) (“[B]y its plain language, [Section] 15A-544.5 provides the

‘exclusive’ relief for setting aside a bond forfeiture that has not yet become a final

judgment.”); State v. Robertson, 166 N.C. App. 669, 670-71, 603 S.E.2d 400, 401 (2004)

(same); State v. Cobb, __ N.C. App. __, __, 803 S.E.2d 176, 178 (2017) (same).

 It is for this reason that the trial court could not rely on Section 15A-301 to

relieve Sureties from the forfeited bond. Accordingly, because relief from a pre-final

judgment forfeiture “is exclusive and limited to the reasons provided in [Section]

15A-544.5,” State v. Rodrigo, 190 N.C. App. 661, 664, 660 S.E.2d 615, 617 (2008), the

701, 710 (2017) (Zachary, J., dissenting) (citing Black’s Law Dictionary’s definition and Article 17’s
Official Commentary on what constitutes a criminal process). If bond procedures are meant to
incentivize a defendant’s appearance in court, it is arguable that bond proceedings can be categorized
as a criminal process. We need not answer this question because, as is discussed below, Section 15A-
544.5 narrows the trial court’s authority with respect to bonds before they become final judgments.
See Whittington v. N.C. Dep’t of Human Res., 100 N.C. App. 603, 606, 398 S.E.2d 40, 42 (1990) (“[W]hen
one statute speaks directly and in detail to a particular situation, that direct, detailed statute will be
construed as controlling other general statutes regarding that particular situation, absent clear
legislative intent to the contrary.”).

 - 10 -
 STATE V. ORTIZ

 Opinion of the Court

trial court’s authority to grant relief is limited to one of the seven enumerated reasons

set out in subdivision (b). And because Defendant’s “deportation is not listed as one

of the [seven] exclusive grounds” to set aside a bond forfeiture, id. at 665, 660 S.E.2d

at 618, the trial court was without authority to grant Sureties relief from the forfeited

bond. See also State v. Sanchez, 175 N.C. App. 214, 218, 623 S.E.2d 780, 782 (2005)

(holding that the trial court “lacked the authority to grant surety’s motion” because

it “was not premised on any ground set forth” in Section 15A-544.5).

 Sureties first argue that the trial court did not err in granting them relief

because N.C. Gen. Stat. § 15A-544.5(b)(1) allows the trial court to set aside the

forfeiture when the “failure to appear has been set aside . . . and any order for arrest

issued for that failure to appear has been recalled.” Sureties assert that, in

conjunction with the relief from the forfeiture, the trial court also struck Defendant’s

failure to appear and recalled the order for arrest because it “did not grant in part or

deny in part [Sureties’] motion.”

 We are unpersuaded. First, the written narrative crafted by the Board—which

was not objected to by Sureties—states that the trial court refused to strike the order

for arrest. Second, the order itself is silent as to a decision on the failure to appear

or the order for arrest, merely stating that “[t]he issue before this Court is to

determine whether the Surety and Bail Agent should receive relief from the Bond

Forfeiture in this case.” Lastly, the trial court’s order expressly concludes that “[no]

 - 11 -
 STATE V. ORTIZ

 Opinion of the Court

factors exist as enumerated under [Section] 15A-544.5 to strike the forfeiture in this

case” and that it was relying on Section 15A-301 in granting relief.6 Sureties’

understanding of the court’s order is thus misplaced.7

 Sureties next argue that the trial court did not err because the Board failed to

file a written objection to the motion to set aside the bond forfeiture as required by

statute. Upon a motion to set aside a forfeiture, “[e]ither the district attorney or the

county board of education may object to the motion by filing a written objection.” N.C.

Gen. Stat. § 15A-544.5(d)(3) (2017). If, after 20 days upon service of the motion,

“neither the district attorney nor the attorney for the board of education has filed a

written objection to the motion . . . the clerk shall enter an order setting aside the

forfeiture, regardless of the basis for relief asserted in the motion, the evidence

attached, or the absence of either.” Id. § 15A-544.5(d)(4). Despite there being

multiple hearings on the matter, there is no evidence in the record showing that the

Board filed a written objection within 20 days of Sureties’ motion. However, Sureties

did not raise this issue before the trial court and instead fully participated over the

course of three hearings. See Richland Run Homeowners Ass’n v. CHC Durham

Corp., 123 N.C. App. 345, 347, 473 S.E.2d 649, 651 (1996) (“[B]y attending and

participating in the hearing without objection or without requesting a continuance,

 6 Because the trial court admitted that Section 15A-544.5 was inapplicable, we reject Sureties’
other arguments pertaining to the trial court’s authority under that statute.
 7 We also reject Sureties’ additional argument that the Board lacks standing to appeal the

order because it is premised on the trial court granting relief through N.C. Gen. Stat. § 15A-544.5(c).

 - 12 -
 STATE V. ORTIZ

 Opinion of the Court

plaintiff waived any right to object to the summary judgment hearing on the ground

of lack of notice.”), rev’d on other grounds, 346 N.C. 170, 484 S.E.2d 527 (1997).

Because Sureties did not preserve this issue for appeal by arguing that Section 15A-

544.5(d)(4) applied, it cannot serve as an alternative basis to affirm the trial court’s

order.

 III. CONCLUSION

 In sum, we hold that the Board timely filed its notice of appeal on 20 September

2018 upon the trial court’s final 18 September 2018 order. We also hold that the trial

court erred in granting Sureties relief from the forfeited bond. Section 15A-544.5 is

the exclusive section for relieving a party from a forfeited bond pre-final judgment

and the trial court in this instance was without statutory power under Section

15A-301 to supplement that authority. In determining that no basis existed within

Section 15A-544.5 to set aside the forfeited bond, the trial court’s order is vacated.

 VACATED.

 Chief Judge MCGEE and Judge ARROWOOD concur.

 - 13 -