IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA23-564

Filed 4 June 2024

Guilford County, Nos. 19CRS77972–73

STATE OF NORTH CAROLINA

v.

FREDERICK ROBINSON, Defendant.

Appeal by the State from order entered 3 November 2022 by Judge Tanya Wallace in Guilford County Superior Court. Heard in the Court of Appeals 19 March 2024.

*Attorney General Joshua H. Stein, by Assistant Attorney General Heidi M. Williams, for the State.*

*Appellate Defender Glenn Gerding, by Assistant Appellate Defender Nicholas C. Woomer-Deters, for defendant-appellee.*

FLOOD, Judge.

The State appeals from an order granting Defendant Frederick Robinson's motion to dismiss in superior court. After careful review of the Record, we conclude the district court retained jurisdiction to modify the conditions of Defendant's pretrial release but modified the conditions in violation of our statutory provisions. We further conclude that the superior court erred in granting Defendant's motion to dismiss because Defendant presented no argument that he was irreparably prejudiced in the preparation of his case by his brief time in custody. Accordingly, we

reverse and remand to the superior court for further remand to the district court for findings of fact to support the imposition of a secured cash bond against Defendant.

## I. Facts and Procedural Background

On 27 June 2019, Defendant was charged with felony assault by strangulation, interfering with emergency communications, and communicating threats. The Guilford County District Court set a $2,500 unsecured appearance bond for pretrial release. Later, the State reduced the charge of assault by strangulation to simple assault. At the subsequent bench trial held on 24 August 2022, Judge Larry L. Archie found Defendant guilty of all charges and imposed a 150-day suspended sentence[1] and twelve months' supervised release. Defendant gave oral notice of appeal in open court. After Defendant gave oral notice of appeal, the district court entered an order modifying the conditions of Defendant's pretrial release to impose a $250 secured bond. Defendant was then taken into custody for "a few hours," until his family posted the $250 secured bond.

On 31 October 2022, Defendant moved in Guilford County Superior Court to dismiss the charges against him, alleging, in pertinent part, that the district court "no longer had authority to modify [the] bond" once Defendant had given notice of appeal in open court. Further, Defendant argued that N.C. Gen. Stat. § 15A-1431

---

[1] The district court correctly determined Defendant's prior record level to be Class A1 level 2; however, it incorrectly sentenced him to 150 days when, based on his prior record level, the maximum sentence is seventy-five days. *See* N.C. Gen. Stat. § 15A-1340.23 (2023).

("Section 1431") provided "the mechanism by which defendants in misdemeanor cases assert their right to a jury trial." Lastly, Defendant stated that "fear of vindictiveness may unconstitutionally deter a defendant from exercising the right to a trial by jury" and that the modification of his bond and subsequent period of custody "significantly harmed [his] fundamental right to liberty; therefore, dismissal is the appropriate remedy."

A hearing on Defendant's motion was held on 3 November 2022, during which the presiding superior court judge stated during the hearing that "the original bond of a written promise to appear remained in full force and effect at the time that the appeal was entered[,]" and that Defendant's "sentence did not include a period of incarceration, and no reasons for change are apparent from the review of the file." The superior court then granted Defendant's motion to dismiss and in a written order, made the following factual findings:

> 5. Following sentencing, [] Defendant gave notice of appeal from the judgment, exercising his constitutional right to a jury trial.
>
> 6. Subsequently, a $250 cash appeal bond was set by the [t]rial [c]ourt to secure Defendant's appearance in [s]uperior [c]ourt. No explanation was forthcoming from the [t]rial [c]ourt nor findings made in writing or otherwise to explain the necessity of a change in bond from a Written Promise to Appear to a Cash Bond.
> . . . .
>
> 8. [] [D]efendant was taken into custody, where he remained two to four hours before family members posted the cash bond.

. . . .

> 11. Although there may have been reasons why the [d]istrict [c]ourt Judge changed the bond and made more restrictive pretrial release conditions, they were not recorded or notated in any form.
>
> 12. There is no argument presented, and the [c]ourt does not find, that the $250 cash bond and subsequent time in custody affected [] Defendant's ability to prepare his case in [s]uperior [c]ourt, or otherwise to consult with counsel to be ready for trial.

Based upon those findings, the superior court made several conclusions. First, it concluded that the district court did not properly modify Defendant's bond pursuant to statute, stating "[t]here were no findings made by the [district] [c]ourt, pursuant to statute, addressing the need for a change from the previous bond set," and the failure to make such findings was a violation of statutory provisions. Next it concluded that Defendant's Sixth Amendment right to a jury trial was "impermissibly infringed" by the denial of his right to a reasonable bond. The superior court reasoned that, because "any person, held in such circumstances, under the limited facts of this case, could conclude that remand of [their] case" back to district court "would be preferable to awaiting [a superior court] trial in custody," the modification of Defendant's conditions of pretrial release created an "impermissible chilling effect." Finally, the superior court concluded that Defendant's Fourth Amendment right to be free from unreasonable seizures was violated when a new bond was set without proper findings in accordance with applicable statutory mandates.

The superior court then granted Defendant's motion to dismiss, and the State appealed.

## II. <u>Jurisdiction</u>

This matter is properly before this Court pursuant to N.C. Gen. Stat. § 15A-1445(a)(1), allowing the State to appeal directly from a superior court's decision dismissing criminal charges when doing so would not violate the rule against double jeopardy. N.C. Gen. Stat. § 15A-1445(a)(1) (2023).

## III. <u>Analysis</u>

There are two primary issues raised on appeal: first, whether the superior court erred when it concluded the district court erred by omitting written findings from the order in which it imposed a secured cash bond against Defendant, and second, whether the superior court erred when it dismissed the charges against Defendant upon finding his constitutional rights were violated. Before we consider those issues, however, we must first determine whether the district court retained jurisdiction to modify the terms of Defendant's pretrial release after Defendant gave oral notice of appeal.

### A. The District Court's Jurisdiction

As a matter of first impression in this Court, we consider whether the district court was immediately divested of jurisdiction over this matter upon Defendant's oral notice of appeal following his guilty verdict. On appeal, the State contends that "[t]he bench and bar would benefit greatly from an opinion . . . settling th[is] debate." To

"settle the debate," we must address "conflicting views" regarding the interplay of two statutes, namely N.C. Gen. Stat. § 15A-534 ("Section 534"), governing the procedure for determining conditions of pretrial release, and Section 1431, governing appeals by defendants from orders entered by magistrate or district court judges.

We review questions of statutory interpretation *de novo. State v. Skipper*, 214 N.C. App. 556, 557, 715 S.E.2d 271, 272 (2011). "Our task in statutory interpretation is to determine the meaning that the legislature intended upon the statute's enactment." *State v. Dudley*, 270 N.C. App. 771, 773, 842 S.E.2d 163, 165 (2020) (citation omitted). "The intent of the General Assembly may be found first from the plain language of the statute, then from the legislative history, the spirit of the act and what the act seeks to accomplish." *State v. Rieger*, 267 N.C. App. 647, 649, 833 S.E.2d 699, 701 (2019) (citation omitted). Unambiguous words will be given their plain meaning unless a word's "plain meaning will lead to 'absurd results, or contravene the manifest purpose of the Legislature[.]'" *State v. Rankin*, 371 N.C. 885, 889, 821 S.E.2d 787, 792 (2018) (citations omitted). "Statutes dealing with the same subject matter must be construed *in pari materia* and harmonized, if possible, to give effect to each." *State v. Hollars*, 176 N.C. App. 571, 573, 626 S.E.2d 850, 852 (2006) (citations omitted).

To answer the question of whether a district court is immediately divested of jurisdiction to modify the conditions of a defendant's pretrial release the moment a defendant "notes" an appeal, we begin by examining the plain language of the two

statutes at issue. Section 534, titled "[p]rocedure for determining conditions of pretrial release," states, in relevant part:

> (a) In determining conditions of pretrial release a judicial official must impose at least one of the following conditions:
>
>> (1) Release the defendant on his written promise to appear.
>> (2) Release the defendant upon his execution of an unsecured appearance bond in an amount specified by the judicial official.
>> (3) Place the defendant in the custody of a designated person or organization agreeing to supervise him.
>> (4) Require the execution of an appearance bond in a specified amount secured by a cash deposit of the full amount of the bond, by a mortgage . . . or by at least one solvent surety.
>> (5) House arrest with electronic monitoring.
>> . . . .
>
> (b) The judicial official in granting pretrial release must impose condition (1), (2), or (3) in subsection (a) above unless he determines that such release will not reasonably assure the appearance of the defendant as required; will pose a danger of injury to any person; or is likely to result in destruction of evidence, subornation of perjury, or intimidation of potential witnesses. Upon making the determination, the judicial official . . . *must record the reasons for doing so in writing* to the extent provided in the policies or requirements issued by the senior resident superior court judge[.]
>
> (e) . . . [A] district court judge may modify a pretrial release order of the magistrate or clerk or any pretrial release order entered by him at any time prior to:
>
>> (1) In a misdemeanor case tried in the district court, *the noting of an appeal*[.]

N.C. Gen. Stat. § 15A-534(a), (b) and (e)(1) (2023) (emphasis added). The pretrial

release policies of the eighteenth judicial district further state that the reasons for

imposing a secured cash appearance bond must be recorded in writing.

Meanwhile, Section 1431 titled "[a]ppeals by defendants from magistrate and

district court judge; trial de novo," provides in relevant part the following:

> (b) A defendant convicted in the district court before the
> judge may appeal to the superior court for trial de novo
> *with a jury as provided by law*.

> (c) Within 10 days of entry of judgment, notice of appeal
> may be given orally in open court or in writing to the clerk.
> Within 10 days of entry of judgment, the defendant may
> withdraw his appeal and comply with the judgment. Upon
> expiration of the 10-day period, if an appeal has been
> entered and not withdrawn, the clerk must transfer the
> case to the appropriate court.

> (d) A defendant convicted by a magistrate or district court
> judge is not barred from appeal because of compliance with
> the judgment, but notice of appeal after compliance must
> be given by the defendant in person to the magistrate or
> judge who heard the case . . . . The magistrate or district
> court judge *must* review the case and fix conditions of
> pretrial release as appropriate.

> (e) Any order of pretrial release remains in effect pending
> appeal by the defendant unless the judge modifies the
> order.

> (f1) Appeal pursuant to this section stays the execution of
> all portions of the judgment, including all of the following:

>> (1) Payment of costs,
>> (2) Payment of a fine,
>> (3) Probation or special probation, or
>> (4) Active punishment.

> Pursuant to subsection (e) of this section, however, the judge may order any appropriate condition of pretrial release, including confinement in a local confinement facility, *pending the trial de novo in superior court*.

N.C. Gen. Stat. § 15A-1431(b)–(f1) (2023) (emphasis added).

The State argues, more specifically, that because Section 1431(d) "plainly gives the district court authority to set conditions of release after a defendant gives notice of appeal," it therefore cannot be said that Section 534 "divests the [d]istrict [c]ourt of jurisdiction following notice of appeal." Defendant, however, contends the plain language of Section 534(e)(1) states that because a district court judge may modify an order of pretrial release at any time prior to "the noting of an appeal," the implication is that *after* a defendant "notes" an appeal, the district court is immediately divested of jurisdiction. N.C. Gen. Stat. § 534(e)(1). Finally, the State points out the phrase "the noting of an appeal" is used only once throughout Chapter 15, and it happens to be within Section 534.

In that the phrase "the noting of an appeal" appears just once among several instances in which "notice of appeal" is mentioned within Section 534, we interpret them to mean the same thing. *See Hollars*, 176 N.C. App. at 573, 626 S.E.2d at 852. Next, considering the plain language of the statutes, it appears that Section 534's language is permissive while Section 1431's is directive. Section 534 provides the district court "may" modify conditions of pretrial release, while Section 1431 mandates that the district court "must" review the case and fix conditions of pretrial

release as appropriate. Further, Section 1431 gives a district court jurisdiction to modify a defendant's conditions of pretrial release until the case is transferred and docketed in the superior court, ten days after the defendant's notice of appeal is given. *See* N.C. Gen. Stat. § 15A-1431(f1) and (g). As the State contends, the use of the word "must" in Section 1431 confirms the Legislature intended the district court's authority to extend past a defendant's notice of appeal. *See* N.C. Gen. Stat. § 1431(d).

Further, according to Section 1431(c), a defendant has ten days following the entry of judgment to appeal and, should that appeal not be withdrawn, "the clerk must transfer the case to the appropriate court." N.C. Gen. Stat. § 1431(c). If the district court were immediately divested of jurisdiction upon a defendant's noting of an appeal, as Defendant contends, then the ten-day period following the notice of appeal and the transfer of the case to the appropriate court would be a jurisdictional no-man's land. This interpretation of the plain meaning of the statutes would both render an absurd result and contravene the purpose of the Legislature—to govern the procedure for taking an appeal from a magistrate or district court. *See Rankin*, 371 N.C. at 889, 821 S.E.2d at 792.

Lastly, in consideration of the district court's jurisdiction, Defendant contends that references to "the judge" in subsections (e) and (f1) of Section 1431 should be taken to mean the superior court judge and not the district court judge. This interpretation ignores the context of the statute. *See Wynn v. Frederick*, 385 N.C. 576, 584, 895 S.E.2d 371, 378 (2023) (analyzing the statutory context of the articles

to glean legislative intent). The title of Section 1431 is "[a]ppeals by defendants from magistrate and district court judge; trial de novo." Further, Section 1431(f1) states that "the judge may order any appropriate condition of pretrial release . . . pending the trial de novo in superior court." N.C. Gen. Stat. § 1431(f1). The statute's title, plain language, references to "the judge" in subsections (e) and (f1) immediately following the use of the words "magistrate or district court judge" just above in subsection (d), and subsequent placement of "superior court" at the end of section (f1), taken together, show that the broad references to "the judge" refer to magistrates and district court judges, not superior court judges. *See State v. Bare*, 197 N.C. App. 461, 470, 677 S.E.2d 518, 526 (2009) (considering a change in the wording of the statute's title when discerning what the Legislature's intent was in enactment.); *see also Frederick*, 385 N.C. at 584, 895 S.E.2d at 378.

Given that the plain language contained in Section 1431 mandates action from a magistrate or district court following a defendant giving notice of appeal, we conclude that the district court is not immediately divested of jurisdiction following "the noting of an appeal." Further, we conclude that references to "the judge" in subsections (e) and (f1) in Section 1431 refer to magistrate and district court judges. For that reason, we hold the district court retained jurisdiction to modify the conditions of Defendant's pretrial release after Defendant had given his notice of appeal, but before the case was transferred to the superior court.

**B. The Superior Court's Order**

On appeal the State argues the superior court was correct in concluding the district court erred in amending the conditions of Defendant's pretrial release without making any written findings of fact but challenges the conclusion that Defendant's constitutional rights were so flagrantly violated that the only remedy available was dismissal of the criminal charges against him. We take the issues of the lack of written findings of fact and alleged constitutional violations in turn.

## 1. Standard of Review

When reviewing a trial court's grant of a criminal defendant's motion to dismiss, this Court is "strictly limited to determining whether the trial judge's underlying findings of fact are supported by competent evidence, in which event they are conclusively binding on appeal, and whether those factual findings in turn support the judge's ultimate conclusions of law." *State v. Dorman*, 225 N.C. App. 599, 618, 737 S.E.2d 452, 465 (2013). "As the movant, the defendant bears the burden of showing the flagrant constitutional violation and . . . irreparable prejudice to the preparation of his case." *Dorman*, 255 N.C. App. at 619, 737 S.E.2d at 466. Whether a defendant has satisfied the standard for dismissal of charges based on a flagrant constitutional violation is a question of law reviewed *de novo*. *Id.* at 618, 737 S.E.2d at 465.

## 2. District Court's Lack of Findings of Fact when Modifying Bond

Having concluded the district court retained jurisdiction to modify the conditions of Defendant's pretrial release, we first turn to the superior court's

conclusion regarding the district court's imposition of a secured cash bond against Defendant, despite the district court's order's lack of written findings of fact.

As noted above, Section 534 provides the rules governing the imposition of pretrial release conditions. Under those rules, should a judicial official impose a secure cash bond, they "must record the reasons for doing so in writing[.]" N.C. Gen. Stat. § 15A-534(b).

As the superior court found in its order, "[t]here were no findings made by the [district] [c]ourt, pursuant to [Section 534], addressing the need for a change from the previous bond set." Further, on appeal the State does not challenge any findings of the superior court, and therefore those findings are deemed properly supported by the evidence. *See State v. Biber*, 365 N.C. 162, 168, 712 S.E.2d 874, 878 (2011).

Because the uncontroverted facts in the Record show the district court failed to make any written findings to support its imposition of a secured cash bond against Defendant, we conclude the superior court was correct in its conclusion that the district court improperly modified the conditions of Defendant's pretrial release.

### 3. Conclusions Regarding Constitutional Violations

On appeal, the State argues the superior court erred in granting Defendant's motion to dismiss after explicitly finding Defendant made no argument that his brief period of detention irreparably prejudiced his "ability to prepare his case in [s]uperior [c]ourt, or otherwise consult with counsel to be ready for trial[.]"

On motion by a defendant, the court must dismiss the charges stated in the criminal pleading if the "defendant's constitutional rights have been flagrantly violated and there is such irreparable prejudice to the defendant's preparation of his case that there is no remedy but to dismiss the prosecution." N.C. Gen. Stat. § 15A-954(a)(4) (2023). A defendant moving to dismiss criminal charges "bears the burden of showing the flagrant constitutional violation and . . . irreparable prejudice to the preparation of his case." *State v. Williams*, 362 N.C. 628, 634, 669 S.E.2d 290, 295 (2008). Dismissal under Section 15A-954 is a "drastic relief[,]" and motions to dismiss should "be granted sparingly." *State v. Joyner*, 295 N.C. 55, 59, 243 S.E.2d 367, 370 (1978). A motion to dismiss should be denied if the defendant "cannot meet his burden of demonstrating his defense has been actually, as opposed to potentially, prejudiced." *Dorman*, 225 N.C. App. at 623, 737 S.E.2d at 468. "A dismissal pursuant to Section 15A-954(a)(4) is not appropriate in every case in which there has been a flagrant constitutional violation. The violation must have also caused 'such irreparable prejudice to the defendant's preparation of his case that there is no remedy but to dismiss the prosecution.'" *Id.* at 622, 737 S.E.2d at 467 (citing *State v. Williams*, 362 N.C. at 639, 669 S.E.2d at 298).

The trial court found in Finding No. 12 "[t]here is no argument presented, and the [c]ourt does not find, that the $250 cash bond and subsequent time in custody affected [] Defendant's ability to prepare his case in [s]uperior [c]ourt, or otherwise to consult with counsel to be ready for trial." The trial court reiterated the lack of

prejudice, in its conclusions of law: "Defendant was not irreparably prejudiced in his trial preparation for [s]uperior [c]ourt by the change in bond."

Here, irrespective of whether Defendant's constitutional rights were violated by the district court's omission of findings of fact from the order imposing a $250 cash bond and subsequent detention of "two to four hours," based upon the superior court's own unchallenged finding and conclusions, Defendant did not suffer any prejudice, much less irreparable prejudice, to the preparation of his case such that there is no remedy but to dismiss the prosecution. *See Dorman*, 225 N.C. App. at 622, 737 S.E.2d at 467.

In the case *sub judice*, Defendant did not argue to the superior court that he was prejudiced in preparation of his case, and further, the superior court found Defendant was not prejudiced. We are bound by the unchallenged findings of the trial court. *Biber*, 365 N.C. at 168, 712 S.E.2d at 878. Instead, on appeal Defendant seeks to rely upon *State v. Thompson*, a case in which our state's Supreme Court returned a narrow holding in the defendant's favor, concluding that his due process rights had been violated by an "unreasonable delay[,] prevent[ing] him from receiving a prompt post-detention hearing as soon as was reasonably feasible." 349 N.C. 483, 502-03, 508 S.E.2d 277, 289 (1998). *Thompson* addressed the provisions of N.C. Gen. Stat § 15A-534.1(a), applicable only to certain domestic violence cases, which requires that "the judicial official who determines the conditions of pretrial release shall be a judge," and a magistrate may act only "[i]f a judge has not acted . . . within forty-eight

hours following the arrest of the accused." *Thompson*, 349 N.C. at 487, 508 S.E.2d at 279. As the *Thompson* Court explained, "[e]ssentially, under the amended domestic-violence legislation, the arrestee 'must be held in jail,' without a consideration of the specific facts of their case 'until a judge [or, after forty-eight hours, a magistrate] sets conditions of pretrial release.'" *Id.* at 487, 508 S.E.2d at 279.

In *Thompson*, the defendant was held in "jail on a Saturday, Sunday, and Monday for a total of almost forty-eight hours," despite the availability of a judge to set the conditions of pretrial release sooner. As a result, the defendant was detained longer before his conditions of release were set than "the full penalty for two of [the three] offenses before the State satisfied its burden of proving his guilt beyond a reasonable doubt." *Id.* at 502, 508 S.E.2d 289. The Court in *Thompson*, however, made it clear that its dismissal of the charges against the defendant was based "solely upon procedural due process grounds[,]" stating the defendant was unreasonably deprived of liberty when he was detained "well beyond any time period necessary to serve any governmental interest[.]" *Id.* at 503, 508 S.E.2d at 289. Importantly, the *Thompson* Court made no conclusions regarding whether the defendant had been prejudiced by his unconstitutional detention; therefore, Defendant's reliance on the *Thompson* court's holding to show his "two to four" hours of detention was *per se* prejudicial is incorrect.

Further, Defendant's motion and the superior court's order are based upon N.C. Gen. Stat. § 15A-954, which requires a showing of two conditions: (1) "[t]he

defendant's constitutional rights have been flagrantly violated," and (2) "there is such irreparable prejudice to the defendant's preparation of his case that there is no remedy but to dismiss the prosecution." N.C. Gen. Stat. § 15A-954(a)(4). Despite its finding that Defendant had suffered no prejudice, the superior court order dismissed the charges based upon a different standard than the standard set by N.C. Gen. Stat. § 15A-954. In its order granting Defendant's motion to dismiss, the superior court reasoned that the modification of Defendant's conditions of pretrial release created an "impermissible chilling effect" to Defendant's Sixth Amendment right to a trial by jury; however, the superior court went on to conclude as a matter of law that "Defendant was *not* irreparably prejudiced in his trial preparation for [s]uperior [c]ourt by the change in bond[.]" (emphasis added) Even if the type of harm Defendant alleged—a chilling effect of his statutory rights due to fear of "vindictiveness"—exists, this is not a "prejudice to the defendant's preparation of his case."

Because the trial court's findings of fact do not support its conclusion of law, we conclude the superior court erred in granting Defendant's motion to dismiss. *See Joyner* 295 N.C. at 59, 243 S.E.2d at 370 (holding dismissal under Section 15A-954 is a "drastic relief" and motions to dismiss should "be granted sparingly").

## IV. <u>Conclusion</u>

In conclusion, we hold the district court retained jurisdiction to modify the conditions of Defendant's pretrial release. Further, the superior court correctly

concluded the district court erred when it failed to make written findings to support the imposition of a cash bond against Defendant; however, the superior court erred in granting Defendant's motion to dismiss because it found Defendant was not irreparably prejudiced in the preparation of his case.

Given these conclusions, we reverse and remand the superior court's order, with instruction that this case be remanded back to the district court for an amended order in compliance with N.C. Gen. Stat. § 15A-534 and "the policies or requirements issued by the senior resident superior court judge."

REVERSED and REMANDED.

Judges STROUD and MURPHY concur.